## NATHAN P. CASE v. HARRISON HANNAHS.

### *Error from Shawnee County.*

In all but the five cases ennumerated in Sec. 382, of the Civil Code, the decision in a case must be on its merits.

The Court is nowhere in the Code authorized to dismiss a suit upon the application of the defendant, for want of sufficient proof, or even in absence of proof, to sustain the plaintiffs claim, and the Court erred in granting a judgment of non-suit against the plaintiffs will.

A total failure of proof by plaintiff is a matter of instruction to the jury or of decision on the merits in a trial by the Court.

But it is not every error that is cause of reversal. "No exception shall be regarded unless it is material and prejudicial to substantial rights." *Sec.* 305, *Civil Code.*

Plaintiff relied on a purchase under a justices' execution for his title to the property in controversy, sold as the property of Dickey in an ·action— Case *v.* Dickey in Justice Court. In the case at bar plaintiff entirely failed to show service on Dickey in that case. Want of service rendered that judgment void, and any sale under it entirely null. The judgment could not prejudice, but may benefit plaintiff in error, and will not be reversed.

Case obtained judgment against Dickey before Reuben Stees, justice of the peace in Shawnee County, and had execution issued and a levy made on an iron safe, which was thereunder sold and bid in by Case. Hannahs afterwards attached a safe in the hands of plaintiff as the property of Dickey. Case brought an action in District Court to recover the safe as his own property. A jury was empanneled and sworn in the case. The plaintiff introduced Stees, the justice, and his docket of the judgment in the case by plaintiff against Dickey. The justice's docket of that case introduced in evidence, was as follows under the title of that case:

Summons issued Nov. 29th, 1861, to the Constable of Topeka Township, returnable Dec. 5th, 1861, at 1 o'clock.

Plaintiff claims on the following promissory note:

TOPEKA, Nov. 19, 1859.

For value received I promise to pay Eli Fay or order sixty-two dollars and fifty cents on demand, with interest at ten per cent. per annum.        M. C. DICKEY.

Bill of particulars filed,—returned served Nov. 30, 1861, by leaving a true copy at the usual place of residence of M. C. Dickey in Topeka City, together with the endorsements thereon. Fees, $1,60.   E. BAKER, Constable.

Dec. 5th, 1861.

Plaintiff appears; defendant makes default. After examining plaintiff's claim, I find judgment in favor of plaintiff for seventy-five dollars and fifteen cents, and costs of suit by default, December 5th, 1861.   Debt $75.15; costs.
REUBEN STEES, J. P.

Execution issued Dec. 5th, 1861, to constable of Topeka Township.

Copy of the execution with return showing a levy on and a sale to Case of the safe, was also introduced.   Defendant admitted on the trial that Stees was a justice.   On this evidence plaintiff rested, and the defendant moved for a non-suit, which motion was granted by the Court, a judgment of non-suit entered, the jury discharged, and judgment against plaintiff for costs, to which plaintiff excepted.   A motion for a new trial was made and overruled, and exceptions taken by plaintiff who brings the case up to this Court.

The case was argued in Supreme Court by *N. P. Case* in person, and by *J. Brockway*, for defendant in error.

*Case & Case,* for plaintiff in error, submitted :

1st.   After evidence has been given to the jury by the plaintiff tending to maintain the issue upon his part, it is error in the Court to enter a judgment of non-suit and discharge the jury from a finding in the case.   *Bird* v. *Blessing*, 11 *Ohio State Rep.*, 382.

2d.   That section 382, Compiled Laws, Civil Code, requires the decision in such a case to be upon the merits, and contemplates a final judgment upon a verdict.  *Ib. also Sec.* 382, *Civil Code.*

3d.   It not appearing from the record that the plaintiff was not prejudiced by the error of said Court in rendering such judgment of non-suit, the plaintiff is entitled to a reversal of such judgment.  *Ib. and* 10 *Ohio,* 368 ; 14 *Mass.* —; 18 *Ohio,* 589 ; 1 *Id.* 369-371-23.

*J. & D. Brockway,* for defendant in error, submitted :

1st.   The non-suit was properly granted.   The evidence submitted by the plaintiff was insufficient to maintain his action against the defendant.

*a.* The plaintiff claimed title to the property in controversy by virtue of a purchase at a constable's sale, but on the trial in the Court below, he failed to show that the justice of the peace under whose proceedings he claimed to have perfected his title to the property in question, obtained jurisdiction of the person of Milton C. Dickey, the defendant named in the execution, and to whom the safe belonged.   Under the pleadings in the Court below, it was incumbent on the plaintiff to show the facts conferring jurisdiction on the justice of the peace in the case of Case *v.* Dickey, (Code, Sec. 130.)   The evidence introduced on the trial in the Court below, does not show that any summons was served on Dickey, and the docket, if it proves anything, proves that Dickey did not appear in the cause, and unless he was served with a summons or appeared before the justice, no jurisdiction was obtained over his person.   The proceedings of the justice were therefore *coram non judice*, and void, and any sale made in pursuance of such proceedings, was void, and gave the purchaser no title to the property sold.   A justice's Court is a Court of limited and special jurisdiction, and nothing is to be presumed in favor of its jurisdiction.   The rule in regard to

Courts of limited or special jurisdiction is, that there should always appear sufficient on the face of their proceedings, to show that they have jurisdiction in the causes of which they take cognizance.   And the general principle is, that if the Court has no jurisdiction of the principle question, it has none of its consequences and incidents.   9 *Johnson*, 240; 4 *id.* 292; 16 *Barb.*, 323; *Bloom* v. *Burdick*, 1 *Hill*, 193; *Deming* v. *Corwin*, 11 *Wend.*, 648; *Bonber* v. *Fitch*, 15 *Johns.*, 121; *Chemung Canal Bank* v. *Judson*, 4 *Seld.*, 254; *Bigelow* v. *Stearns*, 19 *Johns.*, 38; *Harrington* v. *The People*, 6 *Barb.*, 607; *Mills* v. *Martin*, 19 *Johns.*, 33 . 4 *id.* 292; 7 *Hill*, 25; *Maning* v. *Johnson*, 7 *Barb.*, 457.

If the docket of the justice had contained an entry stating that a proper summons had been issued and legally served, that would have been no proof of service.   The docket of a justice can only be evidence of such facts as the law requires to be entered on it, and the fact of the *service* of a summons is one which the law does not require a justice of the peace to enter upon his docket at all. *Comp. Laws*, 648-9; 2 *U. S. Dig.*, 224, *Sec.* 409.

*b.* The plaintiff did not introduce any proof on the trial to show that the safe which he alleged to have purchased at the constable's sale, is the safe in controversy.   If the record of the justice had imparted *absolute verity*, it could only have shown that the plaintiff became the purchaser at the constable's sale, of *a safe* sold as the property of Milton C. Dickey.   It could have established nothing further in his favor.   It would still have been incumbent on the plaintiff to prove that he had so purchased *the safe* attached by Hannahs.   The mere fact that he was the lawful owner of *a safe* without showing it to be the one in dispute, could avail him nothing whatever.

*c.* The plaintiff having failed to show jurisdiction in the justice under whose proceedings he claims title, and also having failed to connect the safe he alleged to have pur chased, in pursuance of such proceedings, with the safe in

controversy, there was a clear case of "failure of proof" within the meaning of section 143 of the Code, and a non-suit was the proper disposition to be made of the case. *The People* v. *Cook*, 4 *Seld.*, 74.

It is a general rule of law that if the evidence would not authorize the jury to find a verdict for the plaintiff, or if the Court would set the verdict aside if so found as contrary to the evidence, then it is the duty of the Court to non-suit the plaintiff. *Stuart* v. *Simpson*, 1 *Wend.*, 378 ; *Wilson* v. *Williams*, 14 *id.* 147 ; *Demeyer* v. *Louger*, 6 *id.* 436 ; 13 *Barb.*, 9.

*d.* From the evidence on the trial, it appeared as a matter of law that the plaintiff was not entitled to recover, and it would have been error to have submitted the case to the jury after the defendant moved for a non-suit. There was nothing to be left to a jury, and to have allowed the case to go to them, would have permitted them to pass upon a question of law thus depriving the defendant of his right to have the judge determine the law. *Carpenter* v. *Smith*, 10 *Barb.*, 663 ; 21 *Wend.*, 557.

The motion for a non-suit on the evidence of the plaintiff presented to the Court a naked question of law, and such questions are always to be determined by the Court. See *Sec.* 274 *Civil Code.*

*e.* A judgment of non-suit is entirely consistent with Section 382 of the Code. The judgment below was a judgment *upon the trial*, and *the decision was upon the merits*.

2d. There was no error in overruling the motion for a new trial. The plaintiff submitted the question of his right to recover to the Court. He did not insist on having the cause go to the jury, and no available exception could therefore be made by him. Without sufficient evidence to sustain a verdict, he could have no right to insist on a submission of the case to the jury ; and if sufficient evidence had been given to sustain a verdict in his favor, there would

have been no error in taking the case from the jury on a motion to non-suit, unless he had *expressly* and *specifically* demanded its submission to them. This demand that the case be left to the jury, is not sufficiently made by objection to the non-suit. *Bidwell* v. *Lament*, 17 *How. Prac.*, 357 ; *Burnes* v. *Perine*, 2 *Kernan*, 22.

*By the Court*, KINGMAN, J.

In this case after the jury had been empanneled and the plaintiff had introduced all his testimony, the defendant moved the Court to non-suit the plaintiff on account of an entire failure of proof, which motion was sustained, to which the plaintiff excepted and brings the case to this Court on that point alone. All the evidence in the case is spread upon the record.

The only provisions of the Code authorizing a case to be dismissed, are to be found in Section 382. In all but the five enumerated cases, the decision must be on the merits. The Court is no where in the Code authorized to dismiss a suit upon the application of the defendant for want of sufficient proof, or even in the absence of proof to sustain the plaintiff's claim.

The object of the Code was undoubtedly to put an end to litigation by requiring a decision of the case upon its merits after it is gone into, unless dismissed by the plaintiff. If there is a total failure of proof on the part of the plaintiff on any point essential to his recovery in the action, the Court should so instruct the jury, or so decide, if the trial be by the Court, and thus put an end to the controversy.

If the plaintiff has been disappointed in his proof he may dismiss and show his rights to prosecute in another action.

In granting a judgment of non-suit against the wishes of the plaintiff, the Court erred. But it is not every error that is cause of reversal. Section 305 provides that no exception shall be regarded unless it is material and prejudicial to the substantial rights of the party excepting.

If the record shows that the plaintiff was not injured by the action of the Court, nor his rights prejudiced thereby, then the case will not be reversed by reason of the error of the Court below, for it is one of those exceptions that must be disregarded. The record shows that plaintiff relied on a purchase under execution for his title to the property in controversy, which execution was against M. C. Dickey, and on whose property it was levied, but in producing his proof entirely failed to show any service of process on Dickey in the suit wherein the judgment was rendered on which the execution was issued.

A want of service of summons rendered the judgment void, and any sale or purchase under it entirely null. On this point, which was essential to the plaintiff's recovery, his proof entirely and wholly failed. When he announced that he was through with his evidence, had the Court given proper instructions to the jury, they would have been bound to find for the defendant. In what then are the plaintiff's rights prejudiced, that a judgment was entered which, instead of being a bar to his claim, dismisses his suit with full right to bring another suit for the same cause of action? Instead of being prejudicial, the error may be a benefit to him.

The case will not, therefore, be reversed at his instance. All the justices concurring.