## DOUGLAS V. RINEHART.

In the case of Douglas v. Rinehart, [*ante, p.* 393,] it may be added as facts in the case, that on July 17, 1869, in the court below, neither John C. nor Ellen R. Douglas had filed any reply to the answer of their co-defendants, and that the time for so doing fixed by statute had expired, and the court rendered the judgment complained of against John C. Douglas for the amount then due on the note, and a decree of foreclosure of the mortgage.

An appearance was made in the Supreme Court for defendant in error, *Rinehart,* and a brief filed in which were made the following points by

*Clough & Wheat,* for defendant, Rinehart.

1. The answer of defendants below, plaintiff in error, and John C. Douglas, admitted the execution of the note and mortgage. There was no issue of law made, and none

·of fact, as between plaintiff in ` error and this defendant. *Civ. Code*, §§ 261, 266, 411.

2. It was proper to move for the judgment. *Civil Code*, §§ 314, 140, 304; 2 *Kas.*, 490, 415.

3. It would have required a verified answer to raise an issue on the note and mortgage. [*Civil Code*, § 108; 2 *Kas.*, 295.] But the answer admitted their execution.

4. And the court will not reverse the judgment below for any error complained of. No jury was demanded by plaintiff in error. *Civil Code*, §§ 140, 304.

5. That the proper practice was pursued in this case in the court below. *Civil Code*, § 86, *Subd.* 4, § 95, §§ 396, 399; 3 *Kas.*, 399, 414; 7 *Ohio St.*, 322; 9 *Paige*, 90.

6. The right of action in favor of Rinehart did not accrue until after January 1, 1868. Hence there was no right of redemption. *Gen. Stat.*, 1127, § 2.