The Kansas City, Wyandotte & Northwestern Railroad Company v. A. D. Walker *et al.*

Plaintiff—*Absence at Trial—Dismissal.* Where the plaintiff fails in a civil action to appear on the trial, and there is no counterclaim or set-off filed or presented by the defendant, the district court should dismiss the case without prejudice to a future action.

*Error from Jackson District Court.*

Action by the *Railroad Company* against *Walker* and another for the specific performance of a land contract. On the judgment and orders entered at the November term, 1889, the plaintiff brings error. The facts appear in the opinion.

*William C. Hook, M. Summerfield,* and *Pratt, Ferry & Hagerman,* for plaintiff in error:

The duty of the court, upon plaintiff's failure to appear, is plainly fixed by statute. Civil Code, § 397; also, §§ 396, 398. See, also, *Moore v. Toennisson,* 28 Kas. 608, 610.

In this case the defendant dismissed the counterclaim, and the case stood simply upon plaintiff's petition. The statutory duty of the court was to dismiss this petition, in the event of plaintiff's failure to appear. It may throw a little light upon the question if we can ascertain that such has always been the duty of courts; that the common law created the duty and that the codes are but declaratory thereof. The terms "dismissal" and "nonsuit" are synonymous (*Case v. Hannahs,* 2 Kas. 490), though the latter word is ordinarily

used. See, also, 2 Tidd's Pr., 4th Am. ed., p. 761, § 762; 16 Am. & Eng. Encyc. of Law, pp. 721, 727, 733; *Herring v. Poritz*, 6 Ill. App. 208, 211, 212; 3 Bl. Com. 296; 2 Bouv. Law Dict. 233; *Holliday v. Large*, 3 N. J. L. 653; Steph. Pl. 609; 2 Thomp. Trials, § 2229; *Nordmanser v. Hitchcock*, 40 Mo. 179.

We think it clear from the authorities just reviewed, that the court below had no power to try the case upon the merits; but to reverse this case this court need go no further than to say that it was an irregularity to which attention was duly called by timely motions.

*Hayden & Hayden*, for defendants in error:

The court below had jurisdiction of the parties and the subject of the controversy; therefore the judgment was not void. *Brown v. Kirkbride*, 19 Kas. 588, 592. We contend that § 397 of the code is directory only. Notwithstanding the failure of plaintiff to appear, the court undoubtedly has the power and the right to postpone or continue the case, the defendant consenting. If this proposition be conceded (as we think it must), it is a complete answer to the claim of plaintiff in error that said § 397 is mandatory. If, notwithstanding said § 397, the court may dispose of the case in any other manner than by a dismissal without prejudice, why may it not, on request of defendant, properly proceed to trial and judgment upon the merits?

The cases cited in brief of plaintiff in error are none of them founded on statutes similar to ours, and have no application to this case.

Even if it be conceded that the trial court ought to have dismissed the action instead of proceeding to trial, is the plaintiff in a situation to complain? If so, ought a new trial to have been granted?

Under § 309 of the code, affidavits can be read in support of a motion for a new trial only when the application is based on subdivisions 2, 3 or 7 of § 306. A careful examination and analysis of each subdivision of said § 306 of the code

clearly demonstrates, we think, that, even if the court below erred in allowing the case to proceed to trial instead of dismissing the same, relief cannot be had under that section. See §§ 568, 572, of the code, and *Anderson v. Beebe*, 22 Kas. 768, 772.

The journal entry of the judgment as modified by the court below shows the facts as they occurred; and if, as argued in plaintiff's brief, the court below had no power to make a finding upon the merits in favor of the defendants, such finding may be disregarded in this or any subsequent proceeding as surplusage, or as a mere nullity. *Hawes v. Tiernan*, 53 Pa. St. 192.

*William C. Hook, M. Summerfield*, and *Pratt, Ferry & Hagerman*, for plaintiff in error in reply:

Counsel for defendant in error say: "The cases cited in brief of plaintiff in error are none of them founded on statutes similar to ours, and have no application to this case."

We submit that the statute should be construed as declaratory of the common law. See Suth. Stat. Constr., §§ 289, 290, 291. The quotations which we made from the cases cited are in line with the view adopted by this court in *Beeson v. Busenbark*, 44 Kas. 669, 673.

It is to be observed that § 397 provides that "An action may be dismissed without prejudice to a future action . . . by the court where the plaintiff fails to appear on the trial." But it is proper to read "may" as "shall." Bish. Stat. Cr. (2d ed.), § 112.

The opinion of the court was delivered by

HORTON, C. J.: The Kansas City, Wyandotte & Northwestern Railroad Company commenced an action against A. D. Walker and H. Tucker for the specific performance of a contract to convey land for a right-of-way, and for the payment of certain sums of money. The answer contained a general denial, and also set up counterclaims and set-offs for the unlawful taking of land owned by the defendants. The

cause was regularly assigned for hearing on November 13, 1889. Owing to a mistake of plaintiff's attorney as to the time of the trial, the plaintiff failed to appear. The cause was reached in its regular order for trial on November 13, and the defendants, in the absence of plaintiff and its attorneys, asked leave to withdraw and dismiss without prejudice to a future action the counterclaims and set-offs in their answer. The court granted the motion without prejudice, and thereupon the defendants announced to the court that they would waive a jury, and desired a trial of the cause upon its merits. The defendants then submitted the pleadings, and without evidence of any kind, excepting two certain deeds of conveyance for the premises in controversy, executed to one of the defendants, which were not read, but the substance thereof stated to the court by the defendants' counsel, the court found the issues for the defendants, and entered judgment accordingly, with costs. On November 16, 1889, the plaintiff filed its motion for a new trial, alleging "irregularity in the proceedings of the court by which the plaintiff was prevented from having a fair trial," and the other statutory grounds. On November 21, 1889, during the term of the court, the plaintiff also filed a motion to modify and correct the judgment so as to make the same appear as a dismissal without prejudice, at plaintiff's costs. The first motion was overruled; and the second motion was also overruled, excepting that the court ordered that the judgment rendered against the plaintiff, and for the defendants, be corrected to show the actual facts.

Section 397 of the civil code reads: "An action may be dismissed without prejudice to a future action by the court where the plaintiff fails to appear on the trial." Statutes are construed in reference to the principles of the common law, if possible. Under the common law, the plaintiff took a nonsuit by absenting itself from court when its case was called for trial. (16 Am. & Eng. Encyc. of Law, 721–723; 2 Tidd's Practice [4th Am. ed.], 761; *Case v. Hannahs*, 2 Kas. 490; *Moore v. Toennisson*, 28 id. 608, 610; *Herring v. Poritz*,

6 Ill. App. 208, 211, 212; *Nordmanser v. Hitchcock*, 40 Mo. 179.)   In 2 Thompson on Trials, § 2229, it is said:

"The failure of the plaintiff to appear when his case is called for trial is equivalent to the expression of an election on his part to become nonsuit.   In such a case no judgment can be taken against him, but his action should be dismissed, or judgment of nonsuit entered."

There was in fact in this case no trial, either of the law or of the facts.   The plaintiff, upon whom rested the burden of the issues, was not present to offer any evidence, and the defendants were not called upon to offer any evidence to sustain the general denial.   The general rule is, that a permission to a court is a command, if it relates to the rights of suitors. (Bish. St. Cr. [2d ed.], § 112.)   "May be dismissed," in § 397 of the code, should be construed to read "shall be dismissed." As the plaintiff did not appear on the trial, the cause, when called, should have been dismissed at the costs of the plaintiff without prejudice to a future action, as the defendants withdrew their counterclaims and set-offs.   There was such error in the proceedings, on account of the judgment being rendered in the absence of the plaintiff, that the district court should have sustained the motion for the new trial, or should have so corrected the judgment as to show a dismissal without prejudice.

The judgment of the district court will be reversed.

All the Justices concurring.