## FRIAS *v.* RODRÍGUEZ.

### APPEAL from the District Court of Humacao.

No. 212.—Decided March 6, 1908.

EVIDENCE—EXCLUSION THEREOF—DOCUMENTS ATTACHED TO COMPLAINT.—The authenticity and proper execution of a document incorporated in the complaint. or copy attached thereto must be deemed to be admitted if the plaintiff fails duly to deny the fact within the term provided for by section 120 of the Code of Civil Procedure, and in such a case it is error for the court to refuse admission of such a document in the evidence at the trial on the ground that a copy had not been served upon the opposing party, in accordance with the rules of the court.

ID.—OBLIGATIONS—USURIOUS INTEREST.—The fact that a creditor waives the usurious interest agreed upon with the debtor and credits him with the amounts improperly charged, giving him due notice thereof, is a fundamental allegation of defense where it is sought to obtain annulment of the obligation on the ground that usurious interest is charged and therefore, where a court improperly refuses to admit evidence tending to establish the truth of such an allegation, it commits an error sufficient to warrant this court in directing a new trial.

The facts are stated in the opinion.

*Mr. Vias* for appellant.

The respondent did not appear.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

In this case the parties agree that on May 15, 1902, a deed was executed before Notary Pedro de Aldrey, in which Encarnación Frias acknowledges having received a loan from José Rodríguez de las Albas, in the sum of $1,000, with interest at the rate of 1½ per cent per month, to secure which a mortgage was constituted on a house belonging to the said debtor, Encarnación Frias, which mortgage was recorded in the registry of property.

Upon the death of Rodríguez de las Albas, he left as his only heir his legitimate daughter, María Rodríguez de Bustelo, who is the defendant in this action.

On August 1, 1905, the plaintiff requested that the mortgage deed be set aside, that the record made in the registry

of property be canceled, and that the costs be taxed against the defendant, basing her request on the usurious rate of interest and the Act of March 1, 1902.

The latter alleges in her answer that the rate of interest was not an imposition, but was freely and spontaneously agreed on, because Encarnación Frias could not secure the loan under more advantageous terms. That the interest thus agreed on had only been paid to May 15, 1904, because the debtor, notwithstanding several demands, has ignored the obligation contracted; that the contract was entered into in good faith, as shown by the fact that the authenticating notary did not call the attention of the contracting parties to the nullity of the obligation on account of the usurious interest, nor did the registrar make any objection to the record of the instrument, all this being due to the fact that the contract was entered into at a time when the citizens of Porto Rico were not as yet acquainted with the provisions of the Act of March 1, 1902, relating to the rate of interest; that this is a case in which, by reason of the conditions under which it is presented, the courts must make use of the discretionary power which the said law grants them; that, in addition, the debtor, María Rodríguez de Bustelo, in accordance with the provisions of section 6 of said act, executed a notarial act on July 29, 1905, a copy of which is attached, and said to be made a part of the answer, in which act the aforesaid Rodríguez waived, in an express manner, the excess of interest agreed on in contravention of the said act and credited to the plaintiff the amount of interest improperly collected, for the purpose of validating the contract which had been entered into in good faith; that the authenticating notary went, at the request of the party interested, on August 1, 1905, to the house of Encarnación Frias to notify her of the contents of said act, but was unable to do so on account of the aggressive and violent attitude of the son of the plaintiff, José Noya Frias, and her son-in-law, Domingo Gutierrez; that a little later, on the same date,

Simon Marrero, in the presence of witnesses, Leon Díaz and Adrian García, delivered to Domingo Gutierrez, son-in-law of Encarnación Frias, a copy of the act referred to, as shown by the affidavit, also said to be attached to the answer.

The defendant prayed that the mortgage obligation be held valid and that in case the evidence introduced should not be held to validate it by the waiver and allowance of interest improperly collected, that the court decree only the nullity of the interest in the amount in which it exceeds the legal limit, and that the costs be taxed against the plaintiff.

At the trial the defendant sought to introduce as evidence the act containing the waiver of illegal interest and an affidavit of the service of notice of said act upon the plaintiff.

Counsel for the latter objected to its admission, because a public document and an affidavit being involved, the party he represented had not been given the advance notice thereof prescribed by the rules of the court.

The court sustained the objection and counsel for the defendant noted an exception.

The Humacao court delivered a written opinion holding that it had not been proved that the defendant had waived in due form the interest stiplated in contravention of the law, nor that he had cerdited to the plaintiff the amount of interest improperly collected, this being the point of defense alleged by the defendant based on section 364 of the Revised Statutes. The court further held that the power to set aside a contract when the interest is usurious is not discretionary, but, on the contrary, it is an imperative mandate, construing the word "may" employed in the act in its correct sense, which is indispensable in order that the act may have the scope and produce the salutary effects which the legislature wished it to have, and he cited in support of his construction the following cases: 22 Barb., 404; 50 Kan., 739; 1 Pet., 46; 4 Wall., 435; 3 Neb., 224.

There is a statement of facts, and the secretary certifies it to be a true copy of the original of record, which, he says, was approved by the judge on November 6, 1907.

This statement includes the judgment rendered on August 13, 1907, annulling the loan of $1,000 with interest at the rate of 1½ per cent per month, secured by mortgage, and taxes the costs against the plaintiff, perhaps owing to an error in copying, because it appears that they should be against the defendant.

An appeal was taken from this judgment on September 10, 1907.

In the brief of the appellant, among other errors alleged to have been committed by the Humacao judge, is that of his not having admitted in evidence the copy of the act relating to the waiver of illegal interest and the affidavit of the service of notice of such act upon the plaintiff, on the assumption of a violation of the court rules.

We believe that in this case the court did err, because it is said that copies of the foregoing documents were attached to the answer to the complaint and made a part thereof, and in such cases there can be no doubt of the applicability of section 120 of the Code of Civil Procedure, which provides as follows:

"When the defense to an action is founded on a written instrument, and a copy thereof is contained in the answer, or is annexed thereto, the genuineness and due execution of such instrument are deemed admitted, unless the plaintiff file with the secretary, within 10 days after receiving a copy of the answer, an affidavit denying the same, and serve a copy thereof on the defendant."

It does not appear that the plaintiff denied the genuineness of said documents in the manner prescribed in the foregoing section, and then they should have been admitted in order to produce their legal effects in these proceedings.

The allegation of the defendant that he had waived by notarial act all the usurious interest and had credited to the

account of the interest the amount he had improperly collected and served notice thereof on the plaintiff is material. It may be affirmed that this is the only point of defense alleged by the defendant, based on section 364 of the Revised Statutes.

Consequently, we repeat that the Humacao court has erred in not admitting said document introduced in evidence by the defendant at the trial, and as the proper exception was taken to the decision of the court in this case, this court may review it inasmuch as it relates to facts which affect the judgment itself.

Now then, section 306 of the Code of Civil Procedure as amended by the Act approved on March 8, 1906, which went into effect on April 1, authorizes this Supreme Court to order a review of the case when it is necessary that some matters of fact be made clear.

This appears to us to be the most suitable way of attaining the high ends of justice, because by so doing the parties are placed in equal conditions of defense and the judge is enabled to decide the case submitted to his consideration upon the evidence presented in accordance with the law and duly discussed by the litigants.

We propose, therefore, that the judgment appealed from be set aside, and that the cause be remanded to the Judge of the District Court of Humacao for a new trial.

*Accordingly decided.*

Justices Hernández, MacLeary and Wolf concurred.

Mr Chief Justice Quiñones did not take part in the decision of this case.