**STATE ex rel. WALCOTT, Bank Com'r, v. CITY NAT. BANK OF COMMERCE OF WICHITA FALLS, TEX.**

No. 13842—Opinion Filed Jan. 23, 1923.

(Syllabus.)

**Appeal and Error—Time for Appeal—State as Party.**

Chapter 18, Session Laws 1911, provides that all proceedings for reversing, vacating, or modifying judgments or final orders shall be commenced within six months from the rendition of the judgment or final order complained of; provided, that in case the person entitled to such proceeding be an infant, a person of unsound mind, or imprisoned, such person shall have six months, exclusive of the time of such disability, to commence proceedings. And these provisions apply where the state is a party litigant.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by the City National Bank of Commerce of Wichita Falls, Tex., against the Farmers' State Bank of Comanche, Okla. Judgment for plaintiff, and the State ex rel. Roy Walcott, State Bank Commissioner, as successor to interest of defendant, brings error. Dismissed.

George F. Short, Atty. Gen., W. C. Lewis, and H. B. Lockett, for plaintiff in error.

J. P. Speer and Leslie Humphrey, for defendant in error.

JOHNSON, J. In the above entitled and numbered cause the defendant in error has filed a motion to dismiss the appeal herein, upon the grounds that more than six months had elapsed between the date of overruling the motion for a new trial and the date the petition in error and case-made were filed in this court.

The record discloses that the cause was tried and verdict rendered on January 19, 1922, and the order overruling motion for a new trial was made and entered March 4, 1922. When the cause was tried the City National Bank of Commerce of Wichita Falls, Texas, was plaintiff, and the Farmers' State Bank of Comanche, Okla., was defendant. The Farmers' State Bank became insolvent and passed into the hands of the State Bank Commissioner after the judgment appealed from was rendered in said cause by the trial court, on, to wit, August 7, 1922. The six months period from the date of the overruling of the motion for a new trial by the trial court expired September 4, 1922. The petition in error with case-made attached was filed in this court on October 9, 1922, thereafter.

The Attorney General has filed a response to the defendant in error's motion to dismiss the appeal, in which response it is admitted that the foregoing statement of facts is true, but he resists the motion to dismiss the appeal on the sole ground that the statute of limitation as to the time within which an appeal may be lodged in the Supreme Court where the state is a real party in interest, as in this case, is not governed by chapter 18, Session Laws 1910-11, and states that this question of law has not been passed upon directly by this court, but indirectly, and cites in support of such contention the case of State ex rel. Freeling, Atty. Gen., v. Smith et al., 77 Okla. 277, 188 Pac. 96, wherein it was stated:

"The statute of limitation does not run against the state in an action on a promissory note held by the State Bank Commissioner as assets of an insolvent bank"

—and the cases cited in the opinion in that case of State ex rel. Taylor v. Cockrell, 27 Okla. 630, 112 Pac. 1000; Lovett v. Lankford, 47 Okla. 12, 145 Pac. 767; Langford v. Platte Iron Works Co., 225 U. S. 461, 59 L. Ed. 316; White v. State, 50 Okla. 97, 150 Pac. 716.

We cannot agree with the Attorney General in the contention stated, or that the cases cited support such contention. The question here involved is not the question involved in the cases cited, supra, that is, "Whether the statutes of limitation of this state fixing the period within which suits must be brought and providing that a failure of litigants to commence the same within the period would be a bar to maintain a suit."

The question here presented is one of procedure, and provides that party desir-

ing to appeal from a judgment of the district court must file his petition in error in this court within six months from the rendition of the judgment or order appealed from. This rule of procedure applies to all parties similarly situated, including the state, where the state is a party. And we so hold.

We are clearly of the opinion that the defendant in error's motion to dismiss should be sustained. And it is so ordered that the appeal be dismissed.

KANE, McNEILL, KENNAMER, COCHRAN, and BRANSON, JJ., concur.