## LEVER v. STATE ex rel. SHULL, Bank Com'r.

No. 22851. Opinion Filed May 17, 1932.

H. M. Shirley, for plaintiff in error.

Clarence Mills and V. E. Stinchcomb, for defendant in error.

McNEILL, J. This is an appeal from the judgment of the district court of Oklahoma county in favor of the state of Oklahoma on relation of O. G. Shull, Bank Commissioner, against the defendant, A. P. Lever, for the recovery of a money judgment on certain demand notes payable to the Citizens State Bank of Coalgate, dated on the 14th day of June, 1920, 19th day of January, 1919, and 28th day of August, 1920, respectively, totaling $11,202.58.

On November 19, 1920, said Citizens State Bank of Coalgate was adjudged to be insolvent by the Bank Commissioner. and said Commissioner pursuant to law proceeded to wind up the affairs of said bank; said notes were among the assets of said bank, and

said Commissioner thereafter instituted suit in the district court of Coal county to recover on said notes, the Honorable S. P. Freeling, Attorney General of the state of Oklahoma, appearing as attorney of record. The cause was set for trial March 10, 1927, and counsel for plaintiff failed to appear. The trial court of said county entered an order dismissing the cause with prejudice and against the bringing of another suit by reason of the failure of the Attorney General to appear on the day of the trial.

Thereafter, on December 14, 1927, plaintiff filed another suit in the district court of Oklahoma county against said defendant to recover on aforesaid notes. The defendant answered by way of general denial, pleading the statute of limitations, want of consideration, and that the matter was res adjudicata by reason of the aforesaid judgment rendered in the district court of Coal county. The district court of Oklahoma county sustained a demurrer to that part of the answer pleading the statutes of limitation, and the cause came regularly on for trial largely upon agreed statement of facts. The trial court ruled against the plea of statute of limitations, holding that the same did not run against the state, nor against the state on relation of the Bank Commissioner, and that the dismissal of the action in Coal county, where the state was an interested party appearing by the Attorney General as the attorney of record, was void, and rendered judgment in favor of the state and against the defendant for the amount sued for on the aforesaid notes. The defendant appealed from that judgment.

The briefs of the defendant, being the plaintiff in error in this court, is criticized on account of failure to set forth any assignments of error. However, an examination of the brief shows that the defendant urges that the court erred in the reference to the statute of limitations and for failure to sustain the plea of res adjudicata. This court, in the case of White v. State ex rel., 94 Okla. 7, 220 P. 624, said:

"The statute of limitations does not run against the state in an action on a promissory note held by the State Bank Commissioner as the assets of an insolvent bank."

And in support thereof there are cited therein the following cases: State ex rel. Freeling, Atty. Gen., v. Smith, 77 Okla. 277, 188 P. 96; State ex rel. Walcott, Bank Com'r, v. City National Bank of Commerce, 88 Okla. 154, 212 P. 321; State ex rel. Atty. Gen. v. Ware, 82 Okla. 130, 198 P. 859.

The serious question comes in reference to the plea of res adjudicata. Is the dismissal of the action, wherein the state is an interested party, the Attorney General appearing as attorney of record, void? Section 666, C. O. S. 1921, provides:

"No order shall be made by any county, district or superior court in this state dismissing, for want of prosecution, any action now pending or hereafter filed, wherein the state of Oklahoma is an interested party and in which the Attorney General or any Assistant Attorney General shall appear as attorney of record, for the state, nor shall any judgment by default against the state of Oklahoma be rendered by any such court in such action, unless proof is made (that the Attorney General or Assistant Attorney General appearing as counsel for the state, shall have been notified) in writing by registered mail, at least ten days prior to the date set for such trial or hearing that the action has been set for trial."

In the case of Savoy Oil Co. v. Emery, 137 Okla. 67, 277 P. 1029, this court, in reference to said section 666, supra, said:

"The first part of the section inhibits dismissal of an action for want of prosecution, where the state is an interested party and in which the Attorney General, etc., appears as attorney of record, etc., no notice is thereby required. The latter part inhibits a judgment by default against the state without proof of 10 days' notice in writing to the Attorney General that the action is set for trial."

The defendant in his answer in said court was seeking no affirmative relief, and the judgment rendered is in effect a dismissal for failure to prosecute. This action should not have been dismissed with prejudice, but the trial court had authority to dismiss the same without prejudice. This authority is found in section 664, C. O. S. 1921, which provides:

"An action may be dismissed, without prejudice to a future action:

"First. By the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court.

"Second. By the court, where the plaintiff fails to appear on the trial. * * *"

This section of the statute was taken from Kansas, and in the case of Smith v. Auld, 31 Kan. 262, 1 P. 626, the Supreme Court of the state of Kansas said:

"In conclusion, it may be laid down as a general proposition that wherever from the face of the record it affirmatively appears that an order of dismissal was based on matters other than the merits, such order of dismissal will not be a bar to a future action."

That court, in the case of Kansas City W. & N. R. Co. v. Walker, 50 Kan. 739, 32 P. 365, in construing the same section of the statute also said:

"As the plaintiff did not appear on the trial, the cause, when called, should have been dismissed at the cost of the plaintiff, without prejudice to a future action, as the defendants withdrew their counterclaims and set-offs. There was such error in the proceedings, on account of the judgment being rendered in the absence of the plaintiff, that the district court should have sustained the motion for the new trial, or should have so corrected the judgment as to have shown a dismissal without prejudice. The judgment of the district court will be reversed."

See, also, Laird v. Morris, 23 Nev. 34, 42 P. 11; Matteson v. Klump (Cal.) 279 P. 669. The court was without authority to render a judgment dismissing said cause of action under such circumstances with prejudice. The action failed otherwise than upon the merits, and the objection to the plea of res adjudicata was properly sustained.

The judgment rendered by the district court of Coal county was void, and being void, under section 817, the same may be vacated at any time on motion of the party or any person affected thereby, and when its invalidity appears upon its face, it may be attacked at any time or place by any persons affected thereby. See Pettis v. Johnston, 78 Okla. 277; 190 P. 681; Title Guarantee & Surety Co. v. Foster, 84 Okla. 291, 203 P. 231.

We conclude from an examination of the record and the briefs submitted that the judgment of the trial court in Oklahoma county appealed from should be and the same is hereby affirmed.

RILEY, HEFNER, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent.