2008 OK CIV APP 93

**Nicolas HUG, Plaintiff/Appellant,**

v.

**Robyn JAMES, Defendant/Appellee.**

**No. 104,415.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Sept. 24, 2008.

Certiorari Withdrawn Oct. 22, 2008.

Allen Mitchell, Sapulpa, OK, for Plaintiff/Appellant.

Bob L. Latham, Jr., Brian J. Goree, Latham, Wagner, Steele & Lehman, P.C., Tulsa, OK, for Defendant/Appellee.

JANE P. WISEMAN, Judge.

¶ 1 Plaintiff Nicolas Hug appeals from orders of the trial court granting the motion to dismiss filed by Defendant Robyn James and denying Hug's motion for new trial. The issues on appeal are whether the trial court erred as a matter of law when it granted James' motion to dismiss or when it denied Hug's motion for new trial. After reviewing the record and considering applicable law, we reverse the decisions of the trial court and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Hug filed suit against James on September 22, 2000, alleging that on August 18, 2000, James negligently drove her car into the rear of the car in which Hug was riding, causing personal injuries to Hug. James filed her answer on October 16, 2000, in which she admitted that an accident occurred but denied Hug's other allegations. Hug dismissed the lawsuit without prejudice on May 30, 2001.

¶ 3 William Peck, III, the driver of the vehicle in which Hug was riding as a passenger, filed suit against James on August 8, 2002. That same day, Hug filed a second petition alleging that James negligently injured him and his property in the August 18, 2000, accident. James again admitted a collision occurred, but denied Peck's and Hug's other allegations. On October 23, 2002, the trial court granted James' motion to consolidate Peck's and Hug's lawsuits, and the consolidated cases were assigned to the second judge to handle this accident case.

¶ 4 On October 5, 2005, James filed a motion to dismiss for failure to prosecute.[1] She alleged that after the cases were consolidated, a preliminary witness list and exhibit list was filed on July 15, 2003, and James' attorneys entered an appearance on December 21, 2004. No other documents had been filed since December 2004, and Hug and Peck had not done anything to move the case forward since July 2003. The trial court signed an order on October 6, 2005, dismissing the consolidated lawsuits, apparently without providing notice to Hug or an opportunity to respond as required by Rule 4 of the Rules for the District Courts, 12 O.S. Supp.2007, ch. 12, app.

---

1. James cites only *12 O.S. § 683* as authority for dismissing the case. None of the provisions of this section appears applicable to the circumstances presented; either section 682 of Title 12 or Rule 9(b) of the Rules for the District Courts appears to be the more appropriate authority.

¶ 5 Hug filed a third petition on October 4, 2006, again alleging that James negligently injured him and his property in the August 18, 2000, accident. This case, the one under review here, was assigned to yet a third judge. James filed a motion to dismiss[2] alleging that Hug had filed his claim and dismissed it on two previous occasions and that his claim is barred by Oklahoma statutes. The trial court granted James' motion to dismiss on January 9, 2007.

¶ 6 Hug filed a motion for new trial on January 19, 2007, in which Hug's attorney claimed he "did not receive and was not aware of [James'] filing of said motion until receipt of the Court's order on January 11, 2007." Hug's attorney stated that he "does not claim nor believe that [James] failed to mail a copy of the motion to dismiss" but that the "motion either never arrived or was not processed by the office of [Hug's] attorney so that [James'] motion to dismiss was brought to the attention of [Hug's] attorney." Hug claimed that his case was timely filed and that the trial court erred in granting the motion to dismiss.

¶ 7 The trial court denied Hug's motion for new trial. Hug appeals from both the order granting James' motion to dismiss and the order denying his motion for new trial.

### STANDARD OF REVIEW

¶ 8 We review *de novo* a district court's order to dismiss a case. *Miller v. Miller*, 1998 OK 24, ¶ 15, 956 P.2d 887, 894. This Court will review "a trial court's order denying a motion for new trial for error of a pure question of law or for an abuse of discretion which is arbitrary, clearly against the evidence, and manifestly unreasonable." *Robinson v. Oklahoma Nephrology Assocs., Inc.*, 2007 OK 2, ¶ 6, 154 P.3d 1250, 1253.

### ANALYSIS

¶ 9 Before analyzing whether the trial court was in error in denying Hug's motion for new trial, we must first determine if it erred as a matter of law in dismissing Hug's lawsuit.

¶ 10 The statute of limitations for Hug's negligence claim is two years. *12 O.S. Supp. 2007 § 95* (A)(3). The accident occurred on August 18, 2000. Hug filed the present action on October 4, 2006, a date which is clearly more than two years from the date of the accident. Hug asserts that his lawsuit is not time barred because it was timely filed under the "savings provisions of Title *12 O.S. § 100.*" Title *12 O.S.2001 § 100*, commonly known as the "savings statute," provides the following:

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

¶ 11 We first address whether the second dismissal in October 2005 is a failure "otherwise than upon the merits" as provided for in § 100. It is clear that this dismissal for failure to prosecute was involuntary and without notice to Hug, having been signed without a hearing the day after James filed her motion to dismiss. The motion cites only *12 O.S. § 683* as grounds for dismissal for James' failure to prosecute.

¶ 12 James argues that this dismissal for failure to prosecute does not constitute a dismissal "otherwise than upon the merits." By statute, all § 683 dismissals are to be without prejudice. *Points v. Oklahoma Publ'g Co.*, 1983 OK 62, n. 2, 672 P.2d 1146. As stated in *Points*, the termination of a case cannot be both a judgment on the merits and a dismissal without prejudice-it must be one or the other. *Id.* at ¶ 4, 672 P.2d at 1147. The term "merits" means "the real or substantial grounds of action or defense as distinguished from matters of practice, procedure or form." *Flick v. Crouch*, 1967 OK 131,

---

**2.** We note that, in contravention of Rule 4 of the Rules for the District Courts, James' motion to dismiss cites no authority for dismissing the case. The motion could have been summarily denied for failure to cite any authority in support of the request.

**25**

¶ 15, 434 P.2d 256, 261.[3] It is clear to us that dismissals pursuant to § 683 cannot and do not address the merits of an action, particularly with the legislative directive that such dismissals are to be without prejudice.[4]

¶ 13 The Oklahoma Supreme Court confronted this issue in *Lever v. State ex rel. Shull, Bank Comm'r*, 1932 OK 399, 11 P.2d 498. There, a Coal County trial court had dismissed with prejudice, pursuant to this same statute, the State's case against Lever to collect on certain demand notes when the Attorney General, representing the Bank Commissioner seeking to collect for an insolvent bank, failed to appear on the day of trial. *Lever*, 1932 OK 399 at ¶ 2, 11 P.2d at 499. State filed a new case in Oklahoma County for the same claim, and Lever raised the previous dismissal as a defense. The Oklahoma County trial court held that the dismissal was void and rendered judgment for the State against Lever. *Id.* at ¶ 3, 11 P.2d at 499. The Supreme Court affirmed, holding that the Coal County dismissal was void because it was in effect a dismissal for failure to prosecute and under the authority of this section, could be entered without prejudice, but not with prejudice. *Id.* at ¶ 8, 11 P.2d at 500. "The court was without authority to render a judgment dismissing said cause of action under such circumstances with prejudice. The action *failed otherwise than upon the merits,* and the [State's] objection to [Lever's] plea of res adjudicata was properly sustained." *Id.* at ¶ 10, 11 P.2d at 500 (emphasis added).

¶ 14 Although James argues that other jurisdictions[5] have treated dismissals for failure to prosecute as though the cases were never filed (and therefore never bring a "sav-

ings statute" into play), we find those cases distinguishable and decline to follow those jurisdictions, particularly in light of the guidance provided by *Lever.* The more applicable approach, with which we concur, is that, "[b]ecause of its remedial nature, § 100's provisions are to be liberally construed." *Ross v. Kelsey Hayes, Inc.*, 1991 OK 83, ¶ 7, 825 P.2d 1273, 1277.

¶ 15 Based on the foregoing analysis, we conclude that the October 2005 dismissal for failure to prosecute is a failure "otherwise than upon the merits," making § 100 applicable.

¶ 16 We must now examine whether the "savings statute" provides relief under the circumstances particular to this case. Hug's second petition was filed before the two-year statute of limitations period had run: the date of the accident was August 18, 2000, and Hug timely filed his second petition on August 8, 2002.

¶ 17 Section 100 only allows one refiling after a case is dismissed after the time limitation has run. *Hull v. Rich,* 1993 OK 81, ¶ 6, 854 P.2d 903, 904; *see also Ashby v. Harris,* 1996 OK 70, ¶ 1, 918 P.2d 744, 746 (recognizing that § 100 does not permit multiple refilings of an action). In *Ashby,* the Oklahoma Supreme Court stated, "Section 100 afforded the [plaintiffs] the opportunity to refile their action one time after it had failed otherwise than upon the merits and after the statute of limitations had run." *Id.* at ¶ 6, 918 P.2d at 747.

¶ 18 Here, there was only one refiling after the statute of limitations had run. We conclude that the fact that the case had been

3. Flick *has been superseded on other grounds by constitutional amendment as stated in Jernigan v. Jernigan,* 2006 OK 22, 138 P.3d 539.

4. This Court has previously addressed the issue of whether a dismissal under Rule 9(A) of the Rules for the District Courts for failure to issue summons is an adjudication on the merits. In *Elliott v. McCaleb,* 2006 OK CIV APP 87, ¶ 12, 139 P.3d 253, 256, we stated that "[t]he Rule 9(A) dismissal in this case cannot in any sense be considered an adjudication on the merits...."

5. *Mayfield v. Continental Rehab. Hosp.,* 690 N.E.2d 738 (Ind.Ct.App.1998); *Meiboom v. Wat-*

*son,* 128 N.M. 536, 994 P.2d 1154 (2000); *Shaw v. Corcoran,* 570 S.W.2d 96 (Tex.Civ.App.1978). In *Mayfield,* the Indiana version of the "savings statute" specifically excluded failure of an action for "negligence in the prosecution of the action" from its protective ambit. *Mayfield,* 690 N.E.2d at 741. New Mexico District Court Rule 1–041(B) states unequivocally that an involuntary dismissal for failure to prosecute "operates as an adjudication on the merits" unless the court specifies otherwise. The Texas statutory provisions involved in the citations relied on in *Shaw* do not appear to be similar to Oklahoma's § 100.

dismissed on two previous occasions does not control whether section 100 applies. Although the case had been dismissed twice previously, only one petition—the October 4, 2006, petition filed in the present case—was filed outside the two-year statute of limitations. That petition, however, was filed within one year of the dismissal of the previous petition, which was filed before the time limitation had run. Section 100 directly applies to these circumstances.

¶19 The October 2006 petition fell within the "savings statute" and Hug's lawsuit was not subject to dismissal. The trial court's order of dismissal and its denial of Hug's motion for new trial must be reversed and the case remanded for further proceedings.

### CONCLUSION

¶20 The October 2005 dismissal for failure to prosecute constitutes a failure "otherwise than upon the merits" as contemplated by § 100. The trial court erred as a matter of law when it dismissed Hug's lawsuit because § 100 allowed the suit to be refiled within one year of the dismissal of the second, timely filed petition. As a consequence, the denial of Hug's motion for new trial also constituted error. Accordingly, we reverse the orders of the trial court and remand for further proceedings.

¶21 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

GOODMAN, P.J., and FISCHER, J., concur.