(No. 24536.—

BLAKESLEE'S STORAGE WAREHOUSES, INC., *et al. vs.* THE CITY OF CHICAGO, Appellee.—(PAUL L. MENN, Admr., Appellant.)

*Opinion filed June 15, 1938—Rehearing denied October 21, 1938.*

Gunn, J., took no part.
Orr and Farthing, JJ., dissenting.

Aaron Soble, and William Feldman, (Max Chill, George A. Mason, Howard F. Bishop, Angus Roy Shannon, Daniel S. Wentworth and Weightstill Woods, of counsel,) for appellant.

Barnet Hodes, Corporation Counsel, (Joseph F. Grossman, Arthur A. Sullivan, and J. Herzl Segal, of counsel,) for appellee.

Mr. Justice Jones delivered the opinion of the court:

Appellant's intestate was awarded $58,152 in a special assessment proceeding for land taken, and judgment was entered in her favor for that amount February 16, 1926. After deducting $3598 for benefits, the net judgment amounted to $54,554. This amount was paid October 28, 1926. More than five years afterwards, to-wit, December 5, 1934, this suit was brought in the circuit court of Cook county against appellee for interest on the full amount of the award from

February 16, 1926, to the date when payment was made and for interest on such unpaid interest after October 28, 1926. The trial court entered a judgment for interest on $54,554 from February 16, 1926, to October 28, 1926, in the sum of $1909.24, but it refused to allow interest on that sum. The city of Chicago appealed to the Appellate Court. That court held that whatever claim for interest plaintiff had was barred by the Statute of Limitations. The judgment was reversed and the cause is here on leave to appeal.

Appellant's contentions are that interest on a judgment is a part of it; that a judgment cannot be satisfied unless the face of the judgment, interests and costs are paid; that this proceeding is a cause of action based upon a judgment, and that such an action is barred only by the twenty-years' Statute of Limitations. On the other hand, appellee contends that appellant's claim is solely for interest; that it is purely of statutory origin, and is not a part of the judgment, and comes within the purview of "all civil actions not otherwise provided for" and is barred by the five-years' limitation in section 15 of the Statute of Limitations.

The record conclusively shows the claim is for interest, and being for interest, only, she could in no event recover interest on interest. The trial court and the Appellate Court correctly so held. If she is entitled to recover interest at all, it is only upon $54,554 from the date the judgment was entered to the date it was paid. *Blaine* v. *City of Chicago,* 366 Ill. 341.

In determining whether interest on a judgment is a part of it, the character of a judgment and the authority for imposing interest are important factors to be considered. A judgment is the sentence of the law pronounced by the court upon the matter contained in the record. (3 Blackstone's Com. 395.) It is the law's last word in a judicial controversy and may be defined as the final consideration and determination of a court upon matters submitted to it in an action or proceeding. (15 R. C. L., Judgments,

569.) A judgment is the judicial act of the court. (*Dorman* v. *Usbe Building and Loan Ass'n,* 115 N. J. L. 337, 180 Atl. 413.) On the other hand, the right to interest apart from contract, such as interest on a judgment, does not emanate from the controversy, or from the judgment, or from anything of a judicial nature. At common law, interest could be recovered in no case except where there was an express agreement therefor. Because of losses occasioned by delay in the payment of final judgments the legislature provided a remedy for such losses by way of interest thereon as fair compensation for such delays. The remedy is found in section 3 of the Interest act. The recovery of interest in this State, not contracted for, finds its only authority in the statute. It is purely statutory. *Blaine* v. *City of Chicago, supra; Feldman* v. *City of Chicago,* 363 Ill. 247; *Turk* v. *City of Chicago,* 352 id. 171.

Section 3 of the Interest act, (Ill. Rev. Stat. 1937, chap. 74, par. 3,) provides: "Judgments recovered before any court or magistrate shall draw interest at the rate of five (5) per centum per annum from the date of the same until satisfied. When judgment is entered upon any award, report or verdict, interest shall be computed at the rate aforesaid, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment." It is to be observed that two classes of interest are contemplated by the statute,—*i. e.,* that which accrues prior to judgment, and interest which accrues after the judgment is entered. Interest accruing before judgment is expressly made a part of the judgment, but no such provision is made as to interest accruing on a judgment after it is entered. It is a cardinal rule of statutory construction that the expression of one thing or one mode of action in a statute excludes other things or modes though not expressly prohibited. (*People* v. *Wiersema State Bank,* 361 Ill. 75; *Sammis* v. *Clark,* 13 id. 544.) That rule is applicable here, and excludes interest on a judgment as a

part thereof. Furthermore, it is obvious that at the time the judgment was entered there was no interest due. Hence, the subsequently accruing interest, recoverable by virtue of the statute, could not be a part of the judgment when it was entered. How the interest could afterward modify the judgment by increasing it in amount is not suggested, and no logical interpretation of the law can reach any such result. A judgment stands in amount as it is entered, and the only way in which it may be modified is by a direct proceeding for that purpose. Interest on a judgment is to be distinguished from costs in a proceeding, for which judgment is entered as a part of the principal judgment in the cause. The conclusion is inescapable that interest on a judgment is not a part of it. It is further to be noticed that, under the distinction between the two classes of interest mentioned in section 3 of the Interest act, the interest on the judgment cannot be considered a part of the value of the land taken, for which the judgment was entered. (*Blaine* v. *City of Chicago, supra.*) Therefore, if appellant is entitled to interest on the judgment it is not by virtue of the judgment or the judicial proceeding culminating therein, but arises solely under the provisions of the statute. *Turk* v. *City of Chicago, supra.*

The right to interest under the statute on a condemnation judgment is well settled. (*Blaine* v. *City of Chicago, supra; Feldman* v. *City of Chicago, supra; Turk* v. *City of Chicago, supra; Girard Trust Co.* v. *United States,* 270 U. S. 163, 70 L. ed. 524.) But in each of those cases the question of the Statute of Limitations was not in issue. The section of the Statute of Limitations relied upon by appellant, (Ill. Rev. Stat. 1937, chap. 83, par. 26,) authorizing an action upon a judgment within twenty years next after the date of such judgment, manifestly has no application here. The action in this case is not upon the judgment. It has been paid. The claim is for interest which is solely of statutory origin.

Section 15 of the Statute of Limitations provides that actions on unwritten contracts, awards of arbitrators, or to recover damages for injury to property, or to recover possession of or damages for the detention or conversion of personal property "and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued." We do not agree with appellant that the doctrine of *ejusdem generis* excludes this action from the terms of the statute. In *Ambler* v. *Whipple,* 139 Ill. 311, the statute was held to bar an action on a foreign judgment instituted more than five years after the judgment was entered. In *Woolverton* v. *Taylor,* 132 Ill. 197, it was applied to an action brought after the limitation period to recover on the statutory liability of corporate directors for allowing the corporate indebtedness to exceed the amount of its capital stock, and in *Parmelee* v. *Price,* 208 Ill. 544, applied to an action to recover unpaid subscriptions to the capital stock of a corporation. An action to recover interest on a judgment falls within the term "all civil actions not otherwise provided for." The Appellate Court correctly held the action is barred by section 15 of the Statute of Limitations.

Since we hold that whatever claim for interest appellant may have had is now barred by section 15 of the Statute of Limitations, there is no occasion for our determining the other questions which were raised in the briefs.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE GUNN took no part in this decision.

Mr. JUSTICE FARTHING, dissenting:

I cannot agree that where the principal of any judgment, either in a condemnation suit or any other, is paid some months or years after that judgment was rendered but none of the interest was paid, then the five-year Statute of Limitations began to run against the unpaid interest on the day of

payment. The statute on judgments is that giving the creditor twenty years, and our holding in *Epling* v. *Dickson,* 170 Ill. 329, clearly demonstrates that interest and costs are both parts of any judgment.

Certainly, interest is no part of the compensation to be paid the landowner in a condemnation suit. If it were, a jury would have to be called to assess the interest. But it does not follow from that fact that interest is not an incident of and a part of the judgment.

The history of interest and the fact that it is a part of judgments where under statutes they draw interest, is set out in *National Bank* v. *Mechanics Nat. Bank,* 94 U. S. 437, cited with approval in *Ticonic Nat. Bank* v. *Sprague,* 58 Sup. Ct. 612.

If I have a note for $100 and my debtor pays me the principal, even though the note made no mention of interest, since I am entitled to interest under the statute I can sue for that interest which was due on the day the principal was paid and bring my suit within ten years. The same thing, in my opinion, is applicable to a judgment, except that the limitation is twenty years instead of ten as in the case of the note.

Mr. JUSTICE ORR, also dissenting.