(No. 25201.—

THE E. L. MANSURE COMPANY, Appellant, *vs.* THE CITY OF CHICAGO, Appellee.

*Opinion filed October 13, 1939.*

AARON SOBLE, and WILLIAM FELDMAN, (MAX CHILL, and JEROME S. KLEIN, of counsel,) for appellant.

BARNET HODES, Corporation Counsel, (JOSEPH F. GROSSMAN, and J. HERZL SEGAL, of counsel,) for appellee.

Mr. CHIEF JUSTICE WILSON delivered the opinion of the court:

The plaintiff, the E. L. Mansure Company, brought an action in the superior court of Cook county against the defendant, the city of Chicago, to recover interest on a condemnation judgment rendered in a proceeding under the Local Improvement act. By its action, instituted August 25, 1933, plaintiff sought the payment of interest on the full amount awarded it from February 28, 1927, the date of rendition of the judgment, to April 7, 1928, the time of payment. March 10, 1939, defendant interposed a plea averring that plaintiff's claim was barred by the five-years' Statute of Limitations. By replication to this plea plaintiff alleged that application of the decision in *Blakeslee's Storage Warehouses* v. *City of Chicago,* 369 Ill. 480, to its claim which was pending when the *Blakeslee case* was decided constituted a violation of the fourteenth amendment to the Federal constitution and the second section of article 2 of section 2 of the constitution of this State. The defendant's demurrer to the replication was sustained, plaintiff elected to abide by its pleading and judgment for costs was rendered in favor of defendant. Plaintiff has prosecuted a direct appeal, asserting that a construction of the Federal and State constitutions is involved.

Disposition of defendant's motion to transfer the cause to the Appellate Court for the First District requires consideration. The facts here are parallel to the factual situation in *Blakeslee's Storage Warehouses* v. *City of Chicago, supra.* In consonance with repeated decisions of this court

we there stated that authority for the recovery of interest in Illinois is of purely statutory origin; that section 3 of the Interest act contemplates two classes of interest, namely, interest which accrues prior to judgment and, secondly, interest which accrues after judgment is entered; that interest is not a part of a judgment under section 3 unless it accrues before the entry of the judgment, and that an action to recover interest on a judgment is included under section 15 of the Statute of Limitations among "all civil actions not otherwise provided for" which must be commenced within five years. Plaintiff's contention that the decision in the *Blakeslee case,* when applied to its claim for interest, contravenes constitutional guaranties of due process is predicated upon the premise that our decision impliedly reversed *Prince* v. *Lamb,* Breese 378, and *Epling* v. *Dickson,* 170 Ill. 329, upon which it had placed reliance. We deem it sufficient to observe that in neither of those cases had the principal of the judgment been paid when suit was started and in neither was any question as to whether the five-years' Statute of Limitations is a bar to the recovery of interest alone on a judgment expressly raised, considered or decided. Manifestly, the *Blakeslee case,* passing initially upon the question as to the applicable Statute of Limitations in an action to recover interest on a judgment did not overrule prior decisions nor effect a change in judicial construction for the adequate reason that there were no decisions to the contrary upon the precise issue decided. The premise upon which plaintiff's contention that a construction of the constitution is involved is erroneous and therefore must fall. Singularly applicable to plaintiff is the pertinent observation of Mr. Justice Brandeis in a note to the opinion in *Brinker-hoff-Faris Trust & Savings Co.* v. *Hill,* 281 U. S. 673: "Had there been no previous construction of the statute of the highest court [of Missouri] the plaintiff would, of course, have had to assume the risk that the ultimate interpretation by the highest court might differ from its own."

The same purported constitutional issue was presented for decision in No. 25085, *Hibbard, Spencer, Bartlett & Co.* v. *City of Chicago,* where the circuit court of Cook county held the five-years' Statute of Limitations a bar to the plaintiff's action for interest on a judgment recovered in a condemnation proceeding and owing at the time of payment of the judgment. Following the oral argument on February 22, 1939, we transferred the cause on our own motion to the Appellate Court for the First District for want of jurisdiction, it appearing that no debatable constitutional question was involved. The contention, among others, that enforcement of the judgment would deprive the plaintiff of its property without due process of law presented the question merely of the validity of the judgment. (*Economy Dairy Co.* v. *Kerner,* 371 Ill. 261.) Thereafter, the Appellate Court affirmed the judgment of the circuit court and, on April 18, 1939, this court denied leave to appeal. We have frequently announced that where a constitutional question has previously been settled by this court, a direct appeal for the purpose of again raising the same question will not be entertained. (*O'Connor* v. *Rathje,* 368 Ill. 83; *Mikel* v. *Illinois Racing Commission,* 364 id. 640; *People* v. *Blenz,* 317 id. 639.) It follows, necessarily, that when we have decided that a particular question is not a debatable constitutional question, jurisdiction is likewise wanting to entertain a direct appeal again attempting to raise the identical issue. The persistence of counsel in efforts to obtain a direct review will be of no avail.

Defendant's motion to transfer the cause is allowed, and it will be transferred to the Appellate Court for the First District.