WILLIE H. LEWIS, Plaintiff-Appellant, v. STRAN-STEEL CORPORATION, Defendant-Appellee.

First District (3rd Division)   No. 76-594

Opinion filed February 22, 1978.

Philip E. Howard, William J. Harte, and John Gervasi, all of Chicago, for appellant.

Francis D. Morrissey, John Patrick Healy, and Donald J. Brown, all of Baker & McKenzie, of Chicago, for appellee.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

This appeal presents the single issue of whether section 3 of "An Act in relation to the rate of interest * * *" (hereinafter referred to as the Interest Act) in effect in 1967 (Ill. Rev. Stat. 1967, ch. 74, par. 3), and as amended effective August 29, 1969 (Ill. Rev. Stat. 1975, ch. 74, par. 3), requires or permits the computation of interest on interest with respect to judgments awarded by the Circuit Court of Cook County (compounded interest), or whether such interest must be computed annually on the principle sum of the judgment alone (simple interest).

On October 23, 1967, the plaintiff obtained, in the Circuit Court of Cook County, a judgment in the amount of $241,000 against the defendant. The judgment was ultimately affirmed by the Illinois Supreme Court on March 29, 1974. (*Lewis v. Stran Steel Corp.* (1974), 57 Ill. 2d 94, 311 N.E.2d 128.) On July 22, 1974, the defendant tendered $334,191.17 in satisfaction of the judgment indebtedness. This sum represented $241,000 as the principal amount of the judgment, $92,525.31 as simple interest computed at the rates of 5% per annum from October 23, 1967, to August 29, 1969, at 6% per annum from August 29, 1969 (the effective date of an amendment to section 3 of the Interest Act which increased the rate of interest from 5% to 6%), to July 22, 1974, and $665.86 as costs. The plaintiff refused the tender as total satisfaction of the amount due, claiming that the interest due amounted to $109,937.87, an amount obtained at the applicable rates of 5% and 6% compounded annually from the date of the judgment.

In order to prevent the interest from running on the entire principal sum, the parties agreed that the plaintiff would accept the tendered amount in partial satisfaction without prejudice to his right to proceed to collect the alleged outstanding balance of $17,412.56, which sum was allocated by the plaintiff to be due on the principal amount of the judgment, plus interest on this sum. The plaintiff then filed a petition in the Circuit Court of Cook County seeking to collect the balance which he claimed was still due and owing to him. The Circuit Court denied the plaintiff's petition and held that the payment of $334,191.17 tendered by the defendant on July 22, 1974, fully satisfied the judgment entered on October 23, 1967. The plaintiff appeals from the order and seeks from this court a construction of section 3 which requires or permits compounded interest on judgment indebtedness.

Section 3 of the Interest Act provides:

"Judgments recovered before any court or magistrate shall draw interest at the rate of 5% [6% effective Aug. 29, 1969] per annum

from the date of the same until satisfied. When judgment is entered upon any award, report or verdict, interest shall be computed at the rate aforesaid, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment. Provided, however, that the judgment debtor may by tender of payment of judgment, costs and interest accrued to date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of appeal, writ of error, or other steps to reverse, vacate or modify the judgment." (Ill. Rev. Stat. 1967, ch. 74, par. 3.)

The plaintiff contends that the phrase, "shall draw interest at the rate of 5% [6%] *per annum*" (emphasis added), indicates that it was the intent of the leglislature that the interest be compounded annually. Under this method of computation the interest which would accrue at the end of each anniversary of the judgment indebtedness would then be added to the principal amount of the judgment and itself draw interest during each successive period of time until the indebtedness is satisfied. The plaintiff also contends that the question of whether the interest on judgments should be compounded interest or simple interest is one of first impression in the Illinois courts. The defendant argues that the above quoted phrase merely indicates, through use of the words *per annum*, the frequency at which the applicable rates of interest are to be applied.

Two opinions of the supreme court have indicated that section 3 of the Interest Act does not permit the compounding of interest. *Blakeslee's Storage Warehouses, Inc. v. City of Chicago* (1938), 369 Ill. 480, 17 N.E.2d 1; *Blaine v. City of Chicago* (1937), 366 Ill. 341, 8 N.E.2d 939.

■■ While neither *Blaine* nor *Blakeslee's Storage Warehouses* considered the precise problem presented by this appeal, the decisions rendered in those cases control the outcome with respect to our construction of section 3. Our reading of *Blaine* is such that the Interest Act does not sanction a stipulation whereby interest which accrues on a judgment would itself draw interest through a compounded annual method of computation. (366 Ill. 341, 344-45.) Furthermore, *Blakeslee's Storage Warehouses* held that the interest which accrues on a judgment pursuant to section 3 of the Interest Act is not part of the judgment, and that an action to recover such interest was not covered by the extended statute of limitations period with respect to actions upon a judgment. (369 Ill. 480, 484-85.) Consequently, since section 3 provides for interest solely on the judgment amount, and since interest which accrues on the judgment is not part of the judgment, it follows that the proper construction of section 3 is that it does not permit interest on accrued interest and provides only for simple interest.

The applicable language of section 3 of the Interest Act has remained

the same from the time of the decisions in *Blaine* and *Blakeslee's Storage Warehouses* to the times relevant to this appeal. The recent session of the General Assembly has also reconsidered the language of section 3, and has enacted two amendments which have increased the rate of interest with respect to judgments against nongovernmental entities and persons from 6% to 8%; neither of these amendments have changed the language we have been asked to construe. Pub. Act. 80-772, §1, effective October 1, 1977; Pub. Act. 80-914, §1, effective October 1, 1977.

■■ The plaintiff further contends that it was the intent of the legislature to make the judgment creditor whole by allowing interest on the judgment amount, and that this intent is best carried out by interpreting the Act to allow compounded interest. In response, we note only that the concept of making the judgment creditor whole is not subject to any specific quantification with respect to interest.

For the foregoing reasons, the order of the Circuit Court of Cook County denying the relief prayed for by the plaintiff is affirmed.

Affirmed.

McNAMARA and SIMON, JJ., concur.