John D. TIMMONS, Appellant,

v.

ROYAL GLOBE INSURANCE COMPA-NY, d/b/a Royal Indemnity Company, a foreign corporation, Appellee.

No. 59451.

Supreme Court of Oklahoma.

Sept. 24, 1985.

Rehearing Denied Feb. 3, 1986.

K.D. Bodenhamer, Messrs. McBride & Bodenhamer, Jenks, W.C. "Bill" Sellers, Sapulpa, for appellant.

Bert M. Jones, Chris Rhodes, Richard M. Eldridge, Messrs. Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, for appellee.

James K. Secrest, II, Tulsa, for amicus curiae Oklahoma Ass'n of Defense Counsel.

John A. Ladner, Jr., Tulsa, for amicus curiae Sun Pipeline Co.

OPALA, Justice.

Four issues are presented by this appeal from a postjudgment order: [1] Does the prejudgment interest authorized by 12 O.S. 1971 § 727(2) [1] apply only when recovery is upon a cause of action [claim] for personal injury or also when a severed element of recovery allowed and separately identified in the jury verdict may be termed to be one for an injury to the person, either bodily or psychic in character? [2] Assuming that prejudgment interest attaches to every qualified item of recovery rather than merely to the character of the claim pressed, did the recovery for "embarrassment and mental suffering," allowed in this case, constitute "damages by reason of personal injuries" within the meaning of § 727(2)? [3] May the trial court, or this court on review, resort to sources other than the judgment roll in the process of determining whether the jury award for embarrassment and mental suffering was one for injury to the person? and [4] May a judgment creditor recover postjudgment interest at variable rates successively enacted after the judgment's rendition?

We hold that: (a) § 727(2) applies to those portions of a verdict that represent an identifiable personal injury element; (b) because mental pain and suffering constitutes an injury to the person, the recovery for "embarrassment and mental suffering" is deemed to be a verdict for "damages by reason of personal injuries" and therefore qualifies for § 727(2) prejudgment interest, (c) since the judgment had become final, the present dispute upon an issue relating to the meaning of that judgment was resolvable only by resort to the face of the judgment roll, and (d) postjudgment interest is governed in its entirety by the rate in effect at the time judgment was rendered.

Timmons, the insured, brought suit against Royal Globe Insurance Company, the insurer, and its agent for breach of an implied duty to deal fairly and act in good faith. The litigation was occasioned by the insurer's failure to honor its obligation under an insurance policy covering the in-

1. See footnote 4 *infra* for text of 12 O.S. 1971, § 727(2).

sured's airplane and by the insurer's improper actions in securing confidential information and discouraging both the bringing of an action and the settlement of the claim. The jury's verdict was for the insured, with an award for actual damages, embarrassment and mental suffering, as well as for punitive damages. The insurer appealed, and this court affirmed the judgment in *Timmons v. Royal Globe Ins. Co. [Timmons I]*[2] upon condition that the insurer be granted a new trial unless partial remittitur of the punitive damages award be filed.

After remand and the filing of remittitur, the insured moved the court to allow prejudgment and postjudgment interest, the latter to be computed in accordance with the various rates successively enacted and in force between verdict and satisfaction. The trial court refused to allow prejudgment interest on the award for embarrassment and mental suffering and restricted postjudgment interest to the rate in effect at the time judgment was rendered.[3] The insured appealed, and the Court of Appeals affirmed [Timmons II]. We granted certiorari and now affirm in part and reverse in part the trial court's ruling upon this post-appeal dispute.

The applicable statute, 12 O.S. 1971 § 727(2), provides for prejudgment interest, at the rate of six percent, upon a verdict for damages "by reason of personal injuries."[4] The insured recovered a $25,000.00 jury award for embarrassment and mental pain or suffering. *Timmons I* held that this part of the verdict was for an allow-able item of damage. Whether it qualifies for prejudgment interest under § 727(2) is the question now before us. It calls for legal construction of the phrase "embarrassment and mental pain or suffering."

## I

The insurer urges that the trial court should not be held to have been limited to the judgment roll in the process of determining whether prejudgment interest did attach to the award in question as a matter of law. It is argued that the judgment roll is "ambiguous" in that it does not reveal the award's character as being one for personal injuries. In support of its position that the award in dispute was actually for impairment of business and for injury to reputation the insurer would invoke both the evidence adduced at trial and the instructions given in the course of trial proceedings. The insurer's argument must be rejected. It wrongly assumes that in construing the meaning of a judgment, after its review in a direct appeal, resort may be had to materials *dehors* the four corners of the judgment roll.

■ The law is clear that *post-appeal construction* of a judgment is confined to the face of the judgment roll.[5] Once a judgment has become final either for want of an appeal or, as in the present case, in consequence of an appellate court's decision, any controversy over the meaning and effect of that judgment must be resolved by resort *solely to* the face of the judg-

---

**2.** Okl., 653 P.2d 907 [1982] (Timmons I).

**3.** This lawsuit was commenced on October 28, 1976 and a jury verdict was returned for the plaintiff on April 4, 1979. There have been three intervening amendments of § 727— Okla.Sess.L.1979, c. 60 § 1, eff. October 1, 1979; Okla.Sess.L.1982, c. 78 § 1, emerg. eff. April 1, 1982 and Okla.Sess.L.1984, c. 83 § 1, emerg. eff. April 4, 1984—each of which effected a change in the interest rate applicable to judgments.

**4.** The terms of 12 O.S.1971 § 727(2) provided in pertinent part:
" * * * 2. When a verdict for damages *by reason of personal injuries* is accepted by the trial court, the court in rendering the judgment shall

add interest on said verdict at the rate of six percent (6%) per annum from the date the suit was commenced to date of verdict." [Emphasis added].

**5.** The judgment roll, which is synonymous with "record proper," consists of "... the petition, the process, the return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court; ..." 12 O.S.1981 § 32.1, renumbered in 1972 from 12 O.S.1971 § 704, Okla.Sess.L.1972, c. 119 § 5; *Mid-Continent Pipe Line Co. v. Seminole County Excise Bd.*, 194 Okl. 40, 146 P.2d 996, 1000 [1944] and *Veiser v. Armstrong*, Okl., 688 P.2d 796, 800 [1984].

ment roll.[6] The court's inquiry into a judgment's meaning cannot extend beyond the instruments that comprise the trial court's record proper. Proceedings *dehors* the judgment roll, i.e., those not apparent from its four corners, may not be invoked for consideration. There can be *but one appellate review* on *the full transcript of trial proceedings*. If it were not for this salutary rule vanquished litigants could vex their victorious adversaries with successive appeals for repeated, piecemeal review of the judgment.

■ The record in this appeal does not contain the judgment roll to which by law the trial court was confined by the "four-corners-rule." In lieu of the judgment roll, the insured relies on our pronouncement in *Timmons I* as the "settled law of the case."[7] There, we characterized the $25,-000.00 award as one for "embarrassment and mental pain or suffering." We are indeed free to look to *Timmons I* as a source for ascertaining what stands adjudged by that decision—i.e., for the binding effect of the "settled law of the case" laid down by the prior pronouncement.[8] In *Timmons I*, the element of recovery in contention here is variously termed as one for "embarrassment and mental suffering" or for "mental pain and suffering." That characterization is binding on us here. It also was binding on the trial judge whose function in the proceeding under review was confined to carrying out this court's mandate.[9] The insurer does not call our attention to, nor did it counterdesignate below, any portion of the judgment roll which may be said either to contradict our view of the record or to impart "ambiguity" to the judgment roll. To the contrary, the insurer concedes in its brief here that the $25,000.00 award was indeed for "embarrassment and mental suffering."[10]

When the trial court came to be called upon to construe the phrase "embarrassment and mental suffering" with a view to ascertaining whether the $25,000.00 award was for "personal injuries" and hence qualified for prejudgment interest, it stood confined by law to the judgment roll before it. No part of the judgment roll was specifically called to the trial court's attention in support of the insurer's contention that the jury award in dispute was ambiguous. *Timmons I* explicitly dealt with that award's character and held it to be both legally recoverable and supportable by competent evidence. *Timmons I* was hence the *sole* measure of the trial court's authority—in this post-appeal dispute—

6. The meaning of a judgment is to be divined from the terms expressed in the instrument as construed with other parts of the judgment roll. *Dickason v. Dickason*, Okl., 607 P.2d 674, 677 [1980]; *Long v. Drumright*, Okl., 375 P.2d 953, 957 [1962]; *Knight v. Armstrong*, Okl., 303 P.2d 421, 424 [1956] and *Filtsch v. Sipe*, 198 Okl. 356, 178 P.2d 612, 615 [1947].

7. We are bound by the characterization attributed to the recovery in *Timmons I*. It is the settled law of the case. *Mobbs v. City of Lehigh*, Okl., 655 P.2d 547, 549 [1982].

8. While the record on a prior appeal of the same action does not constitute a part of the record in the subsequent appeal, this court can take judicial cognizance of its former opinions to inform itself of the binding effect due its past pronouncements. *Sneed v. Yarbrough*, 164 Okl. 253, 23 P.2d 703, 705 [1933] and *Oklahoma City Electric Gas & Power Co. v. Baumhoff*, 21 Okl. 503, 96 P. 758, 760 [1908]. This rule is but a narrow exception to the general norm by which, on consideration of the appeal, an appellate court is strictly limited to the record before it. *See, Eckel v. Adair*, Okl., 698 P.2d 921, 923–924 [1984]. The same strictures appear to govern in criminal appeals. *See, Townley v. State*, Okl. Cr., 355 P.2d 420, 441 [1960]; *Jones v. State*, Okl.Cr., 341 P.2d 616, 618 [1959]; *Coburn v. State*, 78 Okl.Cr. 362, 148 P.2d 483, 485 [1944] and *Ex parte Collins*, 76 Okl.Cr. 163, 135 P.2d 61, 62 [1943].

9. The insurer's argument that the trial judge's order has to be affirmed because there is no judgment roll or evidence to contradict his ruling would be persuasive, if not dispositive of this appeal, if there were no other source—i.e. *Timmons I*—to which we could resort for the purpose of ascertaining the character of the award under the settled law of the case.

10. An admission in the brief may be regarded as a supplement to the appellate record. *Greenwood v. Lyles & Buckner, Inc.*, Okl., 329 P.2d 1063, 1067 [1958] and *Ramer v. State of Oklahoma ex rel. Ward*, Okl., 302 P.2d 139, 140 [1956].

upon the legal effect to be accorded that $25,000.00 award.[11]

Given this state of the record and this litigation's history, the first-impression question for us to decide here is hence whether an award, characterized by the settled law of the case as one for "embarrassment and mental suffering," qualifies for prejudgment interest because it is for "damages by reason of personal injuries." We answer in the affirmative.

▆▆▆▆ This court has long recognized that mental pain and suffering does indeed constitute harm to the person.[12] By no legal norm is recovery for harm to the person restricted to actions brought for personal injury. Damages for mental pain, suffering or distress may be allowed in causes of action other than those for personal injury.[13] When recovery for mental harm is achieved by a tort case verdict, and the compensation therefor is fixed, as it is the case here, there exists no legal impediment to viewing the award as one for "personal injury." In short, a jury's fixed-sum award for embarrassment and mental suffering does qualify for prejudgment interest authorized by § 727(2), because it is for detriment to the person.[14]

We hence hold there was error in not allowing prejudgment interest on the $25,000.00 award at the statutory rate of six

11. *M.E. Trapp Associated v. Tankersley,* 206 Okl. 118, 240 P.2d 1091, 1094 [1952] and *Black v. Russell,* 130 Okl. 180, 266 P. 448, 450 [1927]. In *Black, supra* this court adopted the following language from *Mountain Home Lumber Co. v. Swartwout,* 33 Idaho 737, 197 P. 1027, 1028 [1921]: " 'Where the mandate of an appellate court directs a specific judgment to be entered, the tribunal to which such mandate is directed must yield obedience thereto. No modification of the judgment so directed can be made by the trial court, nor can any provision be ingrafted on or taken from it. The reason for this rule is obvious. When a particular judgment is directed by an appellate court, the lower court is not acting of its own motion, but in obedience to the order of its superior. What that superior says it shall do, it must do, and that alone. Public interest requires that there shall be an end to litigation, and when a given cause has received the consideration of a reviewing court, has had its merits determined, and has been remanded with specific directions, the court to which such mandate is directed has no power to do anything but to obey; otherwise litigation would never be ended, and the reviewing tribunal would be shorn of that authority over inferior tribunals with which it is invested by fundamental law.' "

12. *St. Louis-San Francisco Ry. Co. v. Clark,* 104 Okl. 24, 229 P. 779, 782 [1924].

13. In an action for delictual dishonor of a check or of some other order of payment, where a bank refuses to pay on depositor's demand, and the payment order is in the hands of a third-party payee or holder, the law allows recovery—in a manner akin to that in slander—for mental pain and suffering, embarrassment, humiliation, mortification, worry or other injury to the feelings from harm to one's reputation which was inflicted wilfully or with malice. *Commercial Bank v. Latham,* 29 Okl. 88, 116 P. 197, 198

[1911]; *Valley Nat. Bank v. Witter,* 58 Ariz. 491, 121 P.2d 414, 418 [1942]; see cases collected in the annotation on liability of bank to depositor for dishonoring check in 126 ALR 206, 218–219 and *Shaw v. Union Bank,* Okl., 640 P.2d 953, 955 [1981].

14. The judgment here was in the amount of $19,126.88 for actual damages, $25,000.00 for embarrassment and mental suffering and $3,000,000.00 for punitive damages.

Oklahoma constitutional and statutory provisions require that a jury return a general verdict. *Smith v. Gizzi,* Okl., 564 P.2d 1009, 1012–1013 [1977].

Art. 7 § 15, Okla. Const., provides: "In all jury trials the jury *shall return a general verdict,* and no law in force nor any law hereafter enacted, shall require the court to direct the jury to make findings of particular questions of fact, but the court may, in its discretion, direct such special findings." [Emphasis added].

The terms of 12 O.S.1981 § 588 reiterate this constitutional requirement: "In all cases the jury *shall render a general verdict,* and the court may in any case at the request of the parties thereto, or either of them, in addition to the general verdict, direct the jury to find upon particular questions of fact, to be stated in writing by the party or parties requesting the same." [Emphasis added].

If damages "by reason of personal injuries" are shown to have been intermixed with other elements of damage in one general verdict, the provisions of 12 O.S.1971 § 727(2) cannot be invoked for allowance of prejudgment interest. Today's holding is not to be construed as announcing a rule in contravention of the constitutional prohibition against special verdicts. Our pronouncement holds merely that when an award "by reason of personal injuries" is allowed in an amount separate from other damages, it bears prejudgment interest.

percent—the rate in effect on the day verdict was returned.[15]

II

■ The postjudgment interest rate in effect at the time of the judgment's rendition [16] does not vary with any subsequent changes in the statutory rate level.[17] Both the effect and the validity of a judgment are governed by the law in force when the judgment is rendered. No term of a judgment may be affected by after-enacted legislation.[18] To hold otherwise would undermine the constitutionally-shielded concept of an "accrued" or "vested" right in the adjudicated obligation. After-passed enactments can neither destroy nor alter that right. The trial court's ruling, by which postjudgment interest was held governed by the applicable rate that was in force when the judgment was rendered, clearly is free from error and must be affirmed.

■ The Court of Appeals' opinion is vacated; the trial court's order here under review is affirmed insofar as it assesses postjudgment interest at the rate of ten percent and is reversed insofar as it denies prejudgment interest upon that portion of the insured's recovery which compensates for "embarrassment and mental suffering;" the cause is remanded with directions to proceed in conformity to the terms of this pronouncement.[19]

HODGES, LAVENDER, HARGRAVE, ALMA WILSON and SUMMERS, JJ., concur.

---

**15.** 12 O.S.1971 § 727(2), *supra* note 4.

**16.** The terms of 12 O.S.1971 § 727 provided in pertinent part:
"All judgments of courts of record shall bear interest, at the rate of ten percent (10%) per annum, from the date of rendition ...."

**17.** In *Sunray DX Oil Co. v. Great Lakes Carbon Corp.,* Okl., 476 P.2d 329, 346 [1970], the question presented was "... whether, when a judgment has been obtained bearing fixed interest rate under existing law, a change of that law by subsequent statute [a 1968 amendment to 15 O.S.1961 § 274], either diminishing or increasing interest rate, will affect computation of the amount collectible under such judgment." There, we applied the rule that a statute should be given prospective operation only, unless contrary legislative intent is clearly expressed or necessarily implied from the language used. This rule, we noted, has been consistently applied to fact situations involving fixed rights that have accrued under statutes prior to their amendment. We held that nothing in the 1968 statute increasing the rate of interest upon unpaid judgments required retrospective application.

**18.** *Lake v. Bonynge,* 161 Cal. 120, 118 P. 535, 540 [1911]; *Pacific Power Co. v. State,* 32 Cal.App. 175, 162 P. 643, 646 [1917]; *John S. Westervelt's Sons v. Regency,* 3 N.J. 472, 70 A.2d 767, 771 [1950] and *Anderson v. Dewey,* 82 Idaho 173, 350 P.2d 734, 738 [1960]; see also, *Washabaugh v. Bartlett Collins Glass Co.,* 177 Okl. 159, 57 P.2d 1162, 1164 [1936]; *Apple v. State Insurance Fund,* Okl., 540 P.2d 545, 547 [1975] and *Weber v. Armco, Inc.,* Okl., 663 P.2d 1221, 1227 [1983]. The judgment of a court constitutes "an obligation of the highest nature known to law." A

right to a judgment is "vested." *Vaughn v. Osborne,* 103 Okl. 59, 229 P. 467, 470 [1924]. "A 'vested right' is the power to do certain actions or possess certain things lawfully, and is substantially a property right. It may be created either by common law, statute or by contract. *Once created, it becomes absolute, and is protected from legislative invasion by Art. 5, Secs. 52 and 54 of our Constitution."* [emphasis added]. *Oklahoma Water Resources Board v. Central Oklahoma Master Conservancy District,* Okl., 464 P.2d 748, 755 [1969] and *Smith v. Smith,* Okl., 652 P.2d 297, 299 [1982] (Opala, J., concurring).
Our holding in *Benson v. Blair,* Okl., 515 P.2d 1363, 1364 [1973], which dealt with the applicability of prejudgment interest to a suit commenced before the effective date of legislation authorizing its recovery, does not lend support to the argument of the insured. *Benson* did not address the concept of an *accrued right in the adjudicated obligation.*

**19.** By this court's predecisional order the parties were directed to include in the brief on certiorari their argument on whether prejudgment interest may be affected by after-enacted legislative changes in its rate. We later discovered that *between the commencement of this action and the date judgment* herein *was rendered* there had been no intervening change in the statutory prejudgment interest rate. Two prejudgment interest rate changes—by which the rate came to be increased from 6% to 15%—became effective—in 1979 and 1984—*after* this judgment's rendition. See note 3, *supra.* Neither of these changes can affect the rate to be applied in this case for the very same reasons as those which prevent us here from allowing the insured the benefit of the after-enacted increases in the postjudgment interest rate.

SIMMS, C.J., concurs in result.

DOOLIN, V.C.J., and KAUGER, J., disqualified.