Tom LEE, Appellant,

v.

VOLKSWAGEN OF AMERICA, INC.; Volkswagen Werk, Inc., GmbH, a/k/a Volkswagen Werk Aktiengesellshift (A.G.); and Marilyn V. Guffey, Appellees.

Nos. 63793, 63795.

Supreme Court of Oklahoma.

Sept. 22, 1987.

Dissenting Opinion Sept. 30, 1987.

---

**15.** *Sindell v. Abbott Laboratories,* supra note 3; *Martin v. Abbott Laboratories,* 102 Wash.2d 581, 689 P.2d 368 (1984).

John W. Norman, Inc. by John W. Norman, Oklahoma City and Lampkin, McCaf-

frey & Tawwater by Larry A. Tawwater, Oklahoma City, for appellant.

Rhodes, Hieronymus, Jones, Tucker & Gable by Richard M. Eldridge, Tulsa, for appellees.

LAVENDER, Justice:

This matter is before us for a second time.[1] In the previous appeal this Court affirmed a judgment for appellant Tom Lee rendered on a jury verdict awarding appellant 1.8 million dollars plus prejudgment interest and costs for injuries arising from an automobile accident. Following affirmance, appellees filed application to release judgment and exonerate bond alleging that they had made payment of the judgment plus applicable postjudgment interest. Appellant resisted the application and filed a separate motion to amend the judgment to conform to appellant's position that the highest and most recent amendment to the statute governing interest on a judgment be given effect retroactively to the date of the judgment[2] and that such interest be compounded.

The trial court refused to release the judgment, finding that appellees should have paid postjudgment interest at rates reflecting amendments to the statute governing interest on judgments effective as of the dates of those amendments. The trial court did allow the bond to be reduced. Both sides have appealed from the order of the court and those appeals have been consolidated. Appellant challenges the trial court's refusal to retroactively apply the latest amendment to the date of the judgment and the refusal to allow the interest to be compounded. Appellees challenge the application of amendments to the statute governing interest rates on a judgment which became effective after the date of the judgment.

I.

Appellees point out that the version of the statute in effect at the date judg-

1. See *Lee v. Volkswagen of America,* 688 P.2d 1283 (Okla.1984).

2. The amendment in effect at the date of the disputed ruling was 12 O.S.Supp.1984 § 727 providing for an interest rate of 15 percent.

ment was rendered, 12 O.S.1971 § 727, provided for an interest rate of 10 percent to be applied to judgments from the date rendered. In the case of *Timmons v. Royal Globe Insurance Co.*,[3] this Court stated, in regards to the application of 12 O.S.1971 § 727:

> The postjudgment interest rate in effect at the time of the judgment's rendition does not vary with any subsequent changes in the statutory rate level. Both the effect and the validity of a judgment are governed by the law in force when the judgment is rendered. No term of a judgment may be affected by after-enacted legislation. To hold otherwise would undermine the constitutionally-shielded concept of an "accrued" or "vested" right in the adjudicated obligation. After-passed enactments can neither destroy nor alter that right....
>
> (footnotes omitted)

The cases cited by appellant as supporting the position that an amendment to the statutory postjudgment interest provision may be given effect to a judgment rendered prior to the effective date of the amendment are inapposite.[4] The cases cited dealt with the application of provisions allowing for either costs, attorney fees or interest in a matter pending at the effective date of the respective provisions and not with the application of the provisions to a judgment rendered prior to the effective date. Thus the cases did not deal with the question of the effect such application would have on the accrued right in the adjudicated obligation.[5]

We find that it was error for the trial court to apply interest rates provided by amendments to 12 O.S.1971 § 727, which became effective after the date of the judgment in this case, to the determination of the amount of postjudgment interest due on that judgment.

## II.

█ The remaining issue is appellant's contention that postjudgment interest provided by statute should be computed on a compound rather than simple interest basis. Appellant argues that public policy supports this result.[6]

The pertinent portion of the text of 12 O.S.1971 § 727, provided, "All judgments of courts of record shall bear interest, at the rate of ten percent (10%) per annum, from the date of rendition...." We find nothing in the language used in this statute to imply an intent that the interest provided for be computed on a compound basis.[7]

Accordingly we find no error in the trial court's refusal to compute postjudgment interest due on a compound basis.

## CONCLUSION

Insofar as the order of the trial court applied postjudgment interest rates other than that in effect at the time the judgment in this case was rendered that order is REVERSED. Insofar as the order declined to compute postjudgment interest on a compound basis that order is AFFIRMED. The matter is REMANDED for disposition in accordance with the views expressed in this opinion.

HARGRAVE, V.C.J., SIMMS and OPALA, JJ., and ROBINSON and HANSEN, Special Judges, concur.

**3.** 713 P.2d 589, 594 (Okla.1985).

**4.** See *Qualls v. Farmers Ins. Co.*, 629 P.2d 1258 (Okla.1981); *Fields v. Volkswagen of America, Inc.*, 555 P.2d 48 (Okla.1976); *Benson v. Blair*, 515 P.2d 1363 (Okla.1973).

**5.** *Timmons v. Royal Globe Ins. Co.*, 713 P.2d at 594 (footnote 18).

**6.** Appellant has cited one case in support of his proposed result, *Todd Shipyards Corp. v. Turbine Service, Inc.*, 592 F.Supp. 380 (E.D.La. 1984). However, the allowance of compounded interest in that case was a matter of the discretionary powers of a court setting as an admiralty court and is inapposite to the present case. See *Todd Shipyards Corp. v. Auto Transportation, S.A.*, 763 F.2d 745 (5th Cir.1985).

**7.** Accord, *Alyeska Pipeline Service Co. v. Anderson*, 669 P.2d 956 (Alaska 1983); *Westberry v. Reynolds*, 134 Ariz. 29, 653 P.2d 379 (Ct. App.1982); *Lewis v. Stran-Steel Corp.*, 58 Ill. App.3d 280, 15 Ill.Dec. 368, 373 N.E.2d 714 (1978), construing similar statutory language providing for a certain rate of interest per year on a judgment.

DOOLIN, C.J., and SUMMERS, J., concur in part, dissent in part.

HODGES, ALMA WILSON and KAUGER, JJ., disqualified.

ROBINSON and HANSEN, Special Judges, appointed in place of ALMA WILSON and KAUGER, JJ., who disqualified.

SUMMERS, Justice, concurring in part and dissenting in part.

I dissent from the Court's treatment of postjudgment interest in Part I of the opinion. I would hold that the rate of such interest recoverable under 12 O.S.1981 § 727 varies with subsequent amendments of that statute. I would thus overrule *Timmons v. Royal Globe Insurance Co.*, 713 P.2d 589 (Okl.1985) on that subject, and do so for the reasons stated in Justice Kauger's concurring opinion in *Fleming v. Baptist General Convention, et al.*, 742 P.2d 1087 (Okl.1987). As to the remainder of the opinion I concur.

I am authorized to state that DOOLIN, C.J., joins in the views expressed herein.