**James R. ASHBY, individually and as surviving spouse of Georgia I. Ashby, Deceased; and Amy Kerr, Administratrix of the Estate of Georgia I. Ashby, Appellants,**

v.

**Curtis E. HARRIS, Jr., M.D., individually; Jack E. Metcalf, M.D., individually; and Jack E. Metcalf, M.D., Inc., Appellees.**

Nos. 75370, 75754.

Supreme Court of Oklahoma.

June 4, 1996.

---

Ben T. Lampkin, Larry A. Tawwater, Jo L. Slama, Lampkin, McCaffrey & Tawwater, Oklahoma City, for Appellants.

Calvin Hendrickson, Inona J. Harness, Pierce, Couch, Hendrickson, Johnson & Baysinger, Oklahoma City, for Appellees.

ALMA WILSON, Chief Justice:

Although the appellants raise several issues as error in this case, one issue raised in the counter appeal of the appellees is dispositive, and that is whether 12 O.S.1991, § 100[1] permits multiple refilings of an action. We hold that it does not. Given this result, we also address the issue of costs.

These facts are uncontested. A medical malpractice action was filed by James and Georgia Ashby on January 31, 1984, against the appellees. On September 10, 1984, Georgia died and James dismissed the suit without prejudice on October 28, 1986, after the statute of limitations had run. Relying on § 100, the action was refiled on December 24, 1986, in the United States District Court for the Western District of Oklahoma. The federal court action was dismissed on May 28, 1987 for lack of diversity jurisdiction. On June 29, 1987, within one year of the voluntary dismissal in the state court action, the appellants refiled their claims in the district court of Oklahoma County.

The district court dismissed the action finding that § 100 did not permit the refiling. But the court granted a motion to reconsider, and vacated its order of dismissal. After certain defendants were dismissed the case proceeded to jury trial. During the trial a demurrer to the evidence was sustained in favor of Dr. Harris. A jury verdict found for the remaining defendant, Dr. Metcalf. The appellees were awarded costs, including travel expenses incurred by the defense counsel in deposing one of the plaintiffs' witnesses, the expense of preparing copies of transcribed depositions, the expense of overnight mailing of deposition transcripts, and the expense of expedited preparation of deposition transcripts.

On appeal, the appellants raised issues regarding trial court rulings related to evidence, jury instruction and expert witnesses. The appellees counter-appealed from the order denying their motion to dismiss. In a separate appeal, No. 75,754, which was subsequently consolidated with No. 75,370, the appellants appealed the costs awarded to appellees. The Court of Appeals held that the appellants' action was barred because § 100 permits only one refiling. The court cited *United States Fire Ins. Co. v. Swyden,* 175 Okla. 475, 478, 53 P.2d 284, 288 (1936). The court affirmed the trial court's award of costs to the appellees. This Court has previously granted certiorari.

In *Grider v. USX Corp.,* 847 P.2d 779, 782 (Okla.1993), this Court cited *Swyden* in support of the rule that § 100 affords one and only one refiling if a case is dismissed after limitations has run. In *Hull v. Rich,* 854

1. Although the judgment and rulings were made by the district court before the 1991 general revision of the statutes, all statutes are cited to the latest official edition. Although a particular statute cited herein may have been amended or renumbered, no changes were made to applicable provisions.

P.2d 903, 904 (Okla.1993), we held that the rule applies even where the first refiling was involuntarily dismissed.

■ Section 100 afforded the appellants the opportunity to refile their action one time after it had failed otherwise than upon the merits and after the statute of limitations had run. The second refiling could not be saved by § 100 and was therefore time barred.

■ Concerning costs, a prevailing party may recover only those litigation expenses covered by statute because the right does not exist at common law. *Rout v. Crescent Public Works*, 878 P.2d 1045, 1049 (Okla.1994). The appellees, as the prevailing party, can only recover those litigation expenses designated as taxable by statute.

On three separate occasions the appellees' attorneys traveled by air to California to depose the expert witness of the appellants. The appellees argue that the expert witness did not allow adequate time for the first two depositions, and that therefore the appellees should be allowed the expenses of the second and third trips as costs. They cite as statutory authority for their claim 12 O.S.1991, § 927 which provides: "Unless otherwise provided by statute, the costs of motions, continuances, amendments and the like, shall be taxed and paid as the court, in its discretion, may direct." Appellees argue that the phrase "and the like" includes attorneys' travel expenses, and that, therefore, it was within the discretion of the trial court to tax the expenses as costs. We do not agree.

■ The language of § 927 does not permit the broad interpretation that the appellees give the phrase "and the like." The words "motions, continuances, amendments," are matters related to pleadings and court proceedings. Only expenses related to the filing of pleadings and the costs of court proceedings are placed within the court's discretion by § 927. If this Court were to follow the appellees' broad construction of the locution, "and the like," then any and all litigation expenses could potentially fall within the discretion of a court as taxable costs. Such a construction would render nugatory other provisions of the same act governing the taxing of costs and would reduce to mere surplusage legislation passed after the enactment of § 927, and this Court will not interpret statutes in a way that concludes that the legislature has done a vain and useless act. *TRW/Reda Pump v. Brewington,* 829 P.2d 15, 20 (Okla.1992). Because no statute authorizes taxing the travel expenses of the appellees' counsel, the trial court erred in awarding such items as costs.

The appellees also seek as costs the expense of preparing copies of the transcribed deposition, the expense of overnight mailing of deposition transcripts, and the cost of expedited preparation of deposition transcripts. The appellees in their amended motion to tax costs set this amount as $3,045.50. The appellants argue that only the cost of the original transcript is taxable, which they assert is $863.42. The relevant statute taxing deposition costs is 12 O.S.1991, § 3230(J), which provides:

"J. TAXING OF COSTS OF DEPOSITIONS. *The cost of transcription of a deposition,* as verified by the statement of the certified court reporter, the fees of the sheriff for serving the notice to take depositions and fees of witnesses shall each constitute an item of costs to be taxed in the case in the manner provided by law. The court may upon motion of a party retax the costs if the court finds the deposition was unauthorized by statute or unnecessary for protection of the interest of the party taking the deposition." [Emphasis added].

The question before us, therefore, is whether the expenses sought by the appellees come within the scope of the statutory language, "[t]he cost of transcription of a deposition." As a result, we must attempt to discern legislative intent expressed by the phrase in question.

■ The appellees draw our attention to 12 O.S.1991, § 3230(G)(2) arguing that it provides a "definition" of "the cost of transcription of a deposition" as contained in § 3230(J). We do not agree that § 3230(G)(2) is a definition of any term or terms. However, we do believe that an analysis of its language, as well as that of related statutes, can guide our inquiry into legisla-

tive intent expressed in § 3230(J). In order to ascertain the intention of the legislature, "all the various portions of the legislative enactments on the particular subject, including subsequent enactments, should be construed together and given effect as a whole." *Ind. School Dist. v. Okl. City Fed. of Tchrs.*, 612 P.2d 719, 721 (Okla.1980). Section 3230(G)(2) provides in its entirety:

"2. Each party who takes the deposition of a witness or of another party shall bear all expenses thereof, *including the cost of transcription,* and shall furnish upon request to the adverse party or parties, free of charge, at least one copy of the transcribed deposition." [Emphasis added].

In reading the two provisions together, it is evident that the cost of transcription does not involve all expenses associated with taking a deposition; rather, it is but one of the expenses. Moreover, subsection (G)(2) distinguishes between the cost of transcription and the furnishing of copies of the transcribed deposition. Further, the language of subsection J, "the cost of transcription of a deposition, *as verified by the statement of the certified court reporter"* [emphasis added], reveals that the cost of transcription is related exclusively to the services rendered by a reporter. As a result, the two statutes imply that the process of reporting a deposition by a reporter constitutes the transcription of a deposition and is separate from the preparation of copies of the original transcript. The cost of the former is therefore taxable under subsection J while the latter is not.

We are further guided in our inquiry by an examination of 20 O.S.1991, § 106.4(b) which governs the reporting of judicial proceedings and which states in pertinent part:

"Upon the request of either party in a civil or criminal case *the reporter shall transcribe the proceedings* in a trial or other judicial proceeding, or so much thereof as

may be requested by the party, certify to the correctness of the transcript, and deliver the same in accordance with the rules of the Supreme Court. The fee for an original transcript shall be Two Dollars and fifty cents ($2.50) per page. *Two copies of the original transcript shall be furnished without additional charge....* The fees for making the transcript shall be paid in the first instance by the party requesting the transcript and shall be taxed as costs in the suit." [Emphasis added].

Section 106.4 distinguishes between the transcription of a deposition and the production of copies of the transcribed deposition and thus buttresses our reading of 12 O.S.1991, §§ 3230(G)(2) and (J).

▇ Chapter 14 of title 12 is entitled "Costs." Although not applicable to the case at bar,[2] 12 O.S.1991, § 942 provides the current costs that a judge may award. Section 942 provides in pertinent part:

"§ 942. Costs which judges are required to award

"A judge of any court of this state may award the following as costs:

 \*      \*      \*      \*      \*      \*

"6. *Reasonable expenses for taking and transcribing deposition testimony,* but not to exceed the fee per page authorized by Section 106.4 of Title 20 of the Oklahoma Statutes for trial transcripts, *for furnishing copies to the witness and opposing counsel,* and for recording deposition testimony on videotape, but not to exceed One Hundred Dollars ($100.00) per two-hour videotape, unless the court determines that a particular deposition was neither reasonable nor necessary." [Emphasis added].

Section 942 clearly differentiates between transcribing a deposition and providing copies to the witness and opposing counsel. Unlike 20 O.S.1991, § 106.4, the costs of both services as rendered by reporters are taxable as costs.

2. The motion to tax costs against the appellants was granted on May 11, 1990. Title 12 O.S. 1991, § 942 was enacted September 1, 1991 (1991 Okla.Sess.Laws, ch. 165, § 1). A statute providing for costs is procedural in nature and applies retroactively. *Root v. Kamo Elect. Co-op.*, 699 P.2d 1083, 1092 (Okla.1985); *Qualls v. Farmers Ins. Co., Inc.*, 629 P.2d 1258, 1259 (Okla.1981). As a result, the law in effect at the time a judgment for costs is rendered controls rather than the law in effect at the time the action was commenced. *Lee v. Volkswagen of America, Inc.*, 743 P.2d 1067, 1069 (Okla.1987); *Root*, 699 P.2d at 1092. However, the awarding of costs is a vested right in an adjudicated obligation and, therefore, cannot be altered by legislation enacted after the judgment. *Lee*, 743 P.2d at 1069.

In light of the above related statutes, we conclude that the transcription of a deposition is distinguishable from the preparation of copies of the transcribed deposition. The transcription of a deposition is the reporting of a deposition into an original transcript. Because 12 O.S.1991, § 3230(J) provides only that the cost of transcription is taxable, we hold that the trial court erred in awarding as costs the expense of preparing transcript copies. The legislature now specifically allows that such costs be taxed under § 942(6). It could have done the same under § 3207(J) but chose not to do so.

We reach the same conclusion concerning the expense of overnight mailing of deposition transcripts. Section 3230(J) is silent as to cost of delivery or furnishing of transcripts and we decline to read such an item into the phrase, "cost of transcription of a deposition."

Finally, with regard to the cost of expedited preparation of the transcribed deposition, we observe that while § 942(6) limits the per page amount that can be taxed to the amount authorized in § 106.4 of title 20, no such limit was included in § 3230(J). Significantly, the predecessor to § 3230(J), 12 O.S.Supp.1976, § 449,[3] also provided a per page taxable cap for transcribed depositions. In 1981 when the legislature enacted the Oklahoma Discovery Code,[4] it transferred the language of § 449 to the new §§ 3230(G)(2) and (J) but removed the per page ceiling. But an additional cost for expedited delivery of a transcript was not allowed by § 449 before it was amended and renumbered, nor is it presently allowed by § 942.6. Because there is no precedent for the additional cost of an expedited delivery of

a transcript, and because such an additional cost would not be allowed presently, we refuse to make an exception in this one case.

**CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF APPEALS VACATED; JUDGMENT OF THE DISTRICT COURT AFFIRMED IN PART AND REVERSED IN PART.**

KAUGER, V.C.J., and HODGES, LAVENDER, SIMMS, HARGRAVE, SUMMERS and WATT, JJ., concur.

OPALA, Justice, concurring in part and dissenting in part:

I concur in the Court's holding that § 100 does not authorize more than one refiling of the claim; I dissent from a part of the Court's taxation-of-costs regime.

---

3. Section 449 was enacted by 1975 Okla.Sess. Laws, ch. 209, § 1 which provided in full:

"Each party who takes testimony of a witness or of another party by deposition shall bear all expense incident thereto, including the cost of transcription, and shall furnish to the adverse party or parties, free of charge, at least one copy of the transcribed deposition so taken. The cost of transcription, when supported by court reporter's verified statement, the sheriff's fee for serving notice to take deposition and fees of witnesses shall each constitute an item of cost to be taxed in the case in the manner generally provided by law, unless the court, upon timely motion

of a party to retax costs, finds the deposition so taxed was unauthorized by statute and unnecessary for protection of the party's interest. *In no case shall transcription cost be taxed at a higher per-page rate than that which is now or may be hereafter prescribed by law for appellate transcripts.*" [Emphasis added].

Section 449 was repealed by 1982 Okla.Sess. Laws, ch. 198, § 16.

4. 1982 Okla.Sess.Laws, ch. 198, originally codified at 12 O.S.Supp.1982, §§ 3201 to 3215, and presently codified at 12 O.S.1991, §§ 3224 to 3237.